BRUMFIELD and Others *v.* PALMER.

Courts of equity do not generally view time as being of the essence of a contract, unless it appear from the terms of the contract or the conduct of the parties, that it was the design of the parties to render it essential.

The fact that the obligee of a bond conditioned for the conveyance of real estate, retains possession of the premises, destroys his right to rescind the contract on the ground of the obligor's non-performance on his part.

The vendor's lien on real estate for unpaid purchase-money passes to his assignee of a note for the money, and may be enforced by a suit in equity by such assignee against a purchaser from the vendee with notice.

And the circumstance that the original vendor in such case had not a good title when he was to have conveyed, (the contract being unrescinded, and a good title having been obtained and tendered by him before the suit was commenced,) is not a sufficient defence.

ERROR to the *Marion* Circuit Court.

DEWEY, J.—This was a bill in equity for the specific performance of a contract for the sale of land, and to enforce a vendor's lien. The material facts of the case as they appear by the pleadings, exhibits, and depositions, are the following:

On the 25th day of *December*, 1838, *Brumfield* purchased of *Perry* a lot of ground in *Indianapolis* at the price of 1,200 dollars; he paid 400 dollars in hand, gave his note for 400 dollars payable in one year, and another note for 400 dollars payable in two years. *Perry* executed to *Brumfield* a title-bond, conditioned for the conveyance to him of the title in two years upon the payment in full of the purchase-money, and gave him possession under the contract. The note for the first 400 dollars was paid by *Brumfield* to *Perry*. The other note *Perry* assigned to *Palmer* in *November*, 1839. On the 13th day of *March*, 1839, *Brumfield* sold the lot to *Smith*, and assigned to him the title-bond, *Smith* paying the full consideration at the time; but he had notice of *Perry's* lien. It was the understanding of both *Smith* and *Brumfield*, that the latter was to pay the balance of the purchase-money due to *Perry*. *Smith* took possession under *Brumfield*, and still holds it. At the expiration of two years from the date of the bond and the note for the last instalment of the purchase-money, *Smith* was at the city of *Washington*, and remained there several months afterwards. In *May*, 1841, *Perry* tendered a deed for the lot to *Brumfield*, and requested him to make payment of the note; he refused to receive the deed, or pay the money. In *November* of the same year, *Palmer* caused *Perry* to tender a deed to *Smith*, and to request of him payment of the note. *Smith* declined on the ground that he had nothing to do with the payment of the money. But neither *Smith* nor *Brumfield* ever expressed a wish to rescind the contract, or placed his non-compliance with it on the ground that a deed had not been offered at the expiration of two years from the date of the bond. There was an allegation in the bill that *Brumfield* was insolvent; but that allegation was denied by the answers of *Smith* and *Brumfield*, and there was no proof on the subject. It appears by the evidence, though the fact is not noticed in the pleadings, that *Perry* purchased the lot in question of the state, and that he was entitled to a deed for it in 1835, but did not actually perfect his title until *January*, 1841. The bill was brought by *Palmer* against *Brumfield*, *Smith*, and *Perry*. The two former answered; the latter made default, and the bill was taken as confessed as to him. The deed which *Palmer* caus-

ed to be tendered to *Smith* was produced in the Circuit Court, ready to be delivered upon the payment of the balance of the purchase-money.

The Circuit Court decreed, that *Brumfield* and *Smith* should pay to *Palmer* the amount due on the note, within thirty days from the date of the decree, upon which payment the deed was to have been delivered to *Smith*. And it was further decreed, that if *Brumfield* and *Smith* failed to pay the money within the time limited, the sheriff of *Marion* county should be a commissioner to sell the lot, &c. Costs decreed against all the defendants.

The first question presented in this cause is, whether the right of the vendor, or of his assignee of the note for a part of the purchase-money who stands in his place, to a specific performance of the contract, has been lost by a failure to tender a deed at the proper time. The legal effect of the contract under consideration was, at law, according to the repeated decisions of this Court, that the payment of the note for 400 dollars, the last instalment of the purchase-money, and the delivery of the deed of conveyance, were to be simultaneous acts. The day for their performance was the 25th of *December*, 1840; and neither party could secure a recourse against the other for non-compliance, unless he had himself evinced a readiness to comply. As neither party took any steps on that day towards the performance of the contract, the remedy of both at law was forfeited; and either might have viewed the contract as rescinded. But Courts of equity do not generally view time as being of the essence of a contract, unless it appear from its terms, or by the conduct of the parties, that the design of the contractors was to render it essential. 2 Story's Eq. 85.—1 Sugd. on Vend. 426. There is nothing in the nature of this contract which shows that the parties considered the particular day, on which the deed was to have been made, as material; and neither of them has treated the contract as if he so viewed it. Neither of them evinced a readiness, at the stipulated time, to perform on his part. On the contrary, *Smith* was absent at that time, and for several months afterwards, and did not, so far as we are informed, leave any agent to act in his stead. Besides, he retained possession of the purchased premises, and

has never offered to yield it up. Nor did he, or *Brumfield*, at the times the deeds were respectively tendered to them, place his refusal to receive the deed on the ground that it had been offered too late ; nor did either of them ever intimate an intention to consider the contract as rescinded. We think it is evident, from these circumstances, that they are not now at liberty so to consider it. Indeed, the single fact that they have retained possession has destroyed their right to elect to rescind the contract, on the ground of the non-performance of the vendor, *Perry*. *More* v. *Smedburgh*, 8 Paige, R. 600.

As the contract is not rescinded, the complainant must have a remedy to enforce the payment of the note assigned to him ; and as he cannot sustain a suit at law against the maker, *Brumfield*, as has been shown, his only remedy is in equity by enforcing a specific performance of the contract of sale, of which the note forms a part. His remedy, in this shape, against *Brumfield* is quite clear. And it is equally clear that *Perry*, the vendor, held an equitable lien for the unpaid portion of the purchase-money on the property sold, as against *Brumfield;* and there can be no doubt that the lien of *Perry*, had he not assigned the note, would have followed the property in the hands of *Smith*, as he was a purchaser with notice. But the question still remains, did the assignment of the note by *Perry* to the complainant carry with it the vendor's lien? We think it did. This principle was settled in the case of *Lagow et al.* v. *Badollet et al.*, 1 Blackf. 416 ; and it is sustained by the decisions of the Courts of *Kentucky*. *Johnston* v. *Gwathmey*, 4 Litt. 317.— *Edwards* v. *Bohannon*, 2 Dana, 98.

The fact disclosed by the evidence, that *Perry* had not completed his title at the time stipulated for the mutual performance of this contract, and his consequent inability then to convey, (had these matters been embraced by the pleadings,) could not have affected the right of the complainant to bring this bill. As the contract was not rescinded, it was sufficient that the vendor's title was perfected before the final hearing of the cause. *Hoggart* v. *Scott*, 1 Russ. & Mylne, 293.

The Circuit Court was correct in sustaining the bill. But

there are errors in the decree. There should have been no decree against *Smith* personally; and, under the circumstances of this case, there should have been no decree against the land until after an attempt to collect the money of *Brumfield* had failed. And the decree against *Smith* and *Perry* for costs was erroneous.

*The Court* reversed the decree, and rendered a decree, conformably to the above opinion, for the complainant.

*O. H. Smith* and *W. H. Brumfield*, for the plaintiffs.

*C. Fletcher* and *O. Butler*, for the defendant.