## DAVIS *v.* HEADY.

If by a contract for the sale of real estate, the purchase-money is to be paid *before* the execution of the deed, it is no defence to a suit on a note given for the purchase-money, that the deed had not been made or tendered.

If to a suit on a note given in part payment for land, &c., the defendant plead that the vendor had no title, that he had not conveyed, &c., a replication that the consideration had not failed as alleged is good.

ERROR to the *Boone* Circuit Court.

BLACKFORD, J.—*Heady* sued *Davis* in debt on a sealed note for the payment of 200 dollars, dated the 8th of *December*, 1840, and payable the first of *November*, 1842. Pleas, 1. That on the 8th of *December*, 1840, the plaintiff agreed by a title-bond to sell to the defendant a certain tract of land; that the defendant was to pay for the same 500 dollars, 200 dollars of which were to be paid on the first of *November*, 1842; that the plaintiff agreed by said bond that on or before the first of *November*, 1842, he would make the defendant a good title to said land if the defendant should pay said 200 dollars; that the note sued on was given for the payment of said 200 dollars in consideration as aforesaid; and that the plaintiff neither did nor would, on the first of *November*, 1842, make or offer to make said title, though often requested. 2. That the note sued on was given in part consideration of the land mentioned in the first plea; and that the plaintiff never had any title in fee for said land. 3. That the note sued on was given in part consideration that the plaintiff would, on or before the first of *November*, 1842, make to the defendant a deed in fee for certain land, (describing it); and that the plaintiff neither did nor could, on said day, make said deed, nor did he offer to make it.

The plaintiff craved and obtained *oyer* of the title-bond named in the first plea. The bond was conditioned to make

Nov. Term, 1844.

a good title for the land, &c., on or before the first of *November*, 1842, provided the last payment for the land was made *before* the deed was to be executed. The *oyer* being given, the plaintiff demurred to the first plea. Replication to the second and third pleas, that the consideration had not failed in manner and form as alleged, and demurrer to the replication. The demurrer to the first plea was sustained, and the demurrer to the replication was overruled.

The issues in fact were submitted to the Court, and judgment rendered for the plaintiff.

The only questions in this case are as to the validity of the first plea, and of the replication to the second and third pleas. The first plea is bad. It appears from the title-bond, which, by the *oyer*, is a part of that plea, that the plaintiff had expressly stipulated that the purchase-money should be paid *before* he was to execute the deed. It is no defence, therefore, to a suit for the money, that the deed had not been made or tendered. The replication is sustained by the case of *Thomas* v. *Quick*, 5 Blackf. 334.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*C. C. Nave*, for the plaintiff.
*W. W. Wick*, for the defendant.