## McCulloch and Another *v.* Dawson.

Assumpsit on several promissory notes payable in one and two years, executed in consideration of the sale of certain land. The defendant pleaded, *inter alia,* that upon the sale and execution of the notes, the payees executed to the defendant a written contract which stated that, on the 17th of *October,* 1836, the defendant had purchased said lots from the payees as trustees, &c.; that he had paid one-fifth of the purchase-money and gave his notes for the residue; and that, should he pay the notes as they should respectively become due, then and in that case the payees or their successors would convey the land to the defendant, &c., by a deed in fee simple, with covenants of general warranty. Averment that the trustees or their successors had not conveyed the land, &c., or tendered or offered to make a deed for the same to the defendant *according to the tenor or effect* of the agreement, or otherwise, on or before the day the last notes became payable, that is to say, on the 17th of *October,* 1838. *Held,* that the replication was good, and that the acts of making payment by the defendants and of executing the deed by the

May Term,
1849.

McCulloch
v.
Dawson.

payees, were to be simultaneously performed on the specific day, and that the defendant had therefore a right to set up as a defence that the deed had not been offered to be executed on the 17th of *October*, 1838, by the payees on their being paid, at the same time, the unpaid purchase-money.

The replication alleged, that before the commencement of this suit and before the defendant had paid said notes or any part of them, the payees, on the 7th of *August*, 1844, tendered to the defendant a deed in fee, &c. *Held*, that the replication was bad on demurrer, because it did not allege that the deed was made on the 7th of *October*, 1836, or offered to be made on that day, or does not allege any excuse for the failure, and because the deed alleged as tendered did not contain a general covenant of warranty.

*Friday,*
*July* 13.

APPEAL from the *De Kalb* Circuit Court.

BLACKFORD, J.—This was an action of assumpsit commenced in 1845, by *McCulloch* and *Brackenridge* against *Dawson*, on several promissory notes, dated the 17th of *October*, 1836. Some of the notes were payable in one year and some in two years from the date. They were all payable to *John Spencer* and *Samuel Edsall*, trustees, &c., and were assigned by the payees to the plaintiffs.

The defendant pleaded twelve pleas. The first, fifth, seventh, eighth, tenth, and eleventh pleas, led to issues in fact. The ninth plea was rejected on the plaintiff's motion. The other pleas led to issues in law.

None of the issues in fact were tried. The issues in law, except the one to which the twelfth plea gave rise, were decided in favor of the plaintiffs.

There was a replication to the twelfth plea, a demurrer to the replication, and judgment on the demurrer for the defendant.

The twelfth plea, so far as it is necessary to state it, is as follows:

That the notes sued on were executed in consideration of the sale of certain town lots by the payees as trustees, &c.; that, upon such sale, and the execution of the notes, the payees executed to the defendant a written contract, which stated that the defendant, on the 17th of *October*, 1836, had purchased the lots from the payees, as trustees appointed by the *Allen* Circuit Court to sell, &c.; that the defendant had paid one-fifth of the purchase-money, and had given his notes for the residue; and that should the

defendant, or his legal representatives, pay the notes as they should respectively become due and payable, then and in that case the payees, or their successors, would convey the lots to the defendant, his heirs or assigns, by a good and sufficient deed in fee simple with covenants of general warranty. Averment, that neither the trustees nor their successors had conveyed the lots or either of them, or tendered or offered to make a deed for the same, to the defendant or his assigns, according to the tenor or effect of said agreement or otherwise, on or before the day the last-named notes, payable in two years, became due and payable, that is to say, on the 17th of *October*, 1838. Verification.

The replication to the twelfth plea alleges, that the payees of the notes sued on were, by a decree of the *Allen* Circuit Court, appointed trustees to sell certain town lots, and authorized to execute to the purchasers certificates, stating that the trustees, or their successors, upon the sale being approved by the Court, and the purchase-money duly paid, should convey the premises in the certificates described, to the purchasers, their heirs or assigns. This replication further states that, in pursuance of said decree, the payees, on the 17th of *October*, 1836, sold to the defendant the lots mentioned in the plea; that the defendant paid one-fifth of the purchase-money, and, for the residue, gave the notes described in the declaration; that upon the execution of the notes, the payees executed to the defendant a certificate of purchase, which is the written contract mentioned in the plea; that the suit in which the aforesaid decree was made, was certified to the Supreme Court, where said sale was confirmed; that the plaintiffs, the successors of the payees, on the 7th of *August*, 1844, before the commencement of this suit, and before the defendant had paid said notes or any of them, tendered to the defendant a good and sufficient conveyance in fee for the lots, and demanded payment of the notes; that the defendant failed to pay the notes; and that the plaintiffs have been, at all times since

the tender, ready and willing to deliver the deed to the defendant if he would pay the notes, and now bring the deed into Court, &c.

The deed alleged in the replication to have been tendered, is set out on oyer. It appears to be executed by the plaintiffs, and purports to convey to the defendant the fee simple in the lots; but it contains no covenants whatever.

General demurrer to the replication, and judgment for the defendant.

We must first examine the twelfth plea. The contract of the payees, as described in that plea, was, that should the defendant, or his legal representatives, pay the notes as they should respectively become due and payable, then and in that case the payees, or their successors, would convey the lots to the defendant, his heirs or assigns, by a good and sufficient deed in fee simple, with covenants of general warranty. The plea avers that neither the trustees nor their successors had conveyed, or offered to convey, the lots, according to the tenor and effect of the agreement or otherwise, on or before the day the notes last due were payable.

The plaintiffs contend that it was not necessary for them, under the contract stated in the plea, to offer the deed on the day first mentioned, but that the offer was sufficient if made at any time before the commencement of the action.

The only difficulty in these cases is to ascertain the meaning of the parties. They may make their promises dependent or independent, or they may make the promise of one party dependent, and that of the other independent. They may fix a day on which the contract shall be performed, or they may agree that its performance shall be within a reasonable time. It has been considered, however, at least in modern times, to be the safer course to construe promises to be dependent, wherever the terms used will admit of such construction. It is not to be supposed that a purchaser intends to part with the

purchase-money without receiving the property at the time of the payment, unless the language of his contract clearly evinces that intention.

The contract before us means either one or the other of these two things: First, that the notes should be paid when due, and the deed be made at some ·time afterwards; or, secondly, that the money should be punctually paid, and the deed be made at the same time with the payment of the last instalment, namely, on the 17th of *October*, 1838.

The following are cases on this subject: There was a contract to make a title to a tract of land on or before a certain day, provided the last payment should be made before the deed was to be executed. The Court held that the money could be recovered, though the deed had not been made or tendered. *Davis* v: *Heady*, 7 Blackf. 261. So, in covenant by the vendor for the price of certain land, it appeared that the purchaser had agreed to pay the price in five years from the date of the contract, with interest annually, and pay the taxes on the land, and that the vendor had agreed that after the purchaser should have paid the above sums of principal and interest at the time and in the manner above specified, and should have performed the agreement above mentioned, he would sell and convey the land to the defendant by a good and sufficient warranty deed. It was held, that the suit lay, although a conveyance had not been made or tendered. *Morris* v. *Sliter*, 1 Denio, 59.

In both these cases, by the express terms of the contract, the money was to be paid before the execution of the deed. But there are no such express terms in the present contract. Here the payees agreed, that should the defendant, or his legal representatives, pay the notes *as* they should respectively become due and payable, *then* and in that case the payees, or their successors, would convey the lots to the defendant. The words *as* and *then* have various meanings. We think that, in said agreement, the word *as* means *at the same time that*, and that the word *then* means *at that time*. The sentence in ques-

May Term, 1849.

McCulloch v. Dawson.

May Term,
1849.

McCulloch
v.
Dawson.

tion may, therefore, be read as follows: Should the defendant, or his legal representatives, pay the notes *at the same time that* they respectively become due and payable, *at that time* and in that case the payees, or their successors, would convey the lots to the defendant.

By the contract thus read, the defendant was not bound to pay the last instalment, at all events, and be left to his chance of afterwards getting the deed or damages for its non-delivery. On the contrary, the promise to pay the last instalment on the appointed day, was a dependent promise; dependent on the defendant's receiving the deed at the same time at which the payment should be made on that day. The acts of making that payment by the defendant, and of executing the deed by the trustees, were to be simultaneously performed on the specified day. In such cases, the rule is already settled in this Court. The case of *Cunningham* v. *Gwinn*, 4 Blackf. 341, referred to by the defendant, is as follows: The suit was on certain notes, assigned by the payee to the plaintiff, which were payable on a future day, and were given in consideration of certain real estate. At the time of giving the notes, as stated in the fifth and sixth pleas, the payee gave the purchaser a title-bond, conditioned for a deed for the land as soon as the latter should pay for it agreeably to the notes given for the amount. The Court said: "We consider that the fifth and sixth pleas are valid. They state the note sued on to have been given in consideration of the land, and that, on payment of it, the deed was to be made. They then aver that no deed was made or offered to be made. This defence is sufficient according to the case of *Leonard* v. *Bates*, 1 Blackf. 172, and the authorities there cited. If the assignor of the plaintiff failed, *on the day*, to perform or offer to perform his part of the contract, and could show no legal excuse for the failure, the purchase-money cannot and ought not to be recovered. *Bank of Columbia* v. *Hagner*, 1 Peters' Rep. 455." Again, in *Brumfield* v. *Palmer*, 7 Blackf. 227, in chancery, two notes of 400 dollars each had been given for the unpaid purchase-money of a town

lot, purchased by the maker of the notes from the payee on the 25th of *December*, 1838. One of the notes was payable in one year, and the other in two years. A title-bond had been given by the vendor conditioned for a deed in two years, upon payment in full of the purchase-money. The Court said: "The legal effect of the contract under consideration was, at law, according to the repeated decisions of this Court, that the payment of the note for 400 dollars, the last instalment of the purchase-money, and the delivery of the deed of conveyance were to be simultaneous acts. The day for their performance was the 25th of *December*, 1840; and neither party could secure a recourse against the other for non-compliance, unless he had himself evinced a readiness to comply. As neither party took any steps *on that day* towards the performance of the contract, the remedy of both at law was forfeited, and either might have viewed the contract as rescinded. But courts of equity do not generally view time as being of the essence of a contract, unless it appear from its terms, or by the conduct of the parties, that the design of the contractors was to render it essential. 2 Story's Eq. 85.—1 Sugd. on Vend. 426." *Brumfield* v. *Palmer, supra*.

We are therefore of opinion, from the nature of the contract described in the plea, and the decisions of this Court to which we have referred, that to authorize the suit on the notes last due, the plaintiffs or their predecessors, must have executed the deed on the day appointed for the payment of those notes, or have legally offered on that day to execute the deed. And as to the notes previously due, they stand on the same ground with the others, the suit on them not having been brought until after the time when the deed was to have been executed. *Cunningham* v. *Gwinn, supra* (1).

It follows, from this view of the case, that the defendant had a right to set up as a defence to the suit, that the deed had not been offered to be executed on the 17th of *October*, 1838, by the payees or their successors, on their being paid, at the same time, the unpaid purchase-money.

The plea in question avers, that neither the trustees nor their successors had conveyed the lots or either of them, or tendered or offered to make a deed for the same, to the defendant or his assigns, according to the tenor and effect of the agreement or otherwise, on or before the day the last named notes, payable in two years, became due and payable, that is to say, on the 17th of *October*, 1838. The word "otherwise," there used is mere surplusage, as it was incumbent on the payees or their successors to offer the deed according to the contract, and not otherwise. The plea would have been more formal if it had, in terms, denied that the payees or their successors had offered the deed on the specified day, on being at the same time paid the money due. The allegation, however, that neither the trustees nor their successors had offered the deed *according to the tenor and effect of the agreement*, on or before, &c., is equivalent to saying that they had not *legally* offered the deed on the day; and it is therefore sufficient in substance. It is true, that in *Burrows* v. *Yount,* 6 Blackf. 458, an allegation similar to that before us was held bad on general demurrer; but we are now satisfied the objection in such case is only as to the form. The allegation is not of a mere conclusion of law, but of law and fact together, and may be traversed. *Lucas* v. *Nockells*, 10 Bingh. 157.—*Ransford* v. *Copeland*, 6 Ad. & Ell. 482.—*Webb* v. *James*, 7 Mees. & Welsb. 279.—*Hays* v. *Muir*, and *The State* rel. *Grimes* v. *Gresham*, in this Court, *Nov.* term, 1848 (2).

The replication to this plea does not allege the making of the deed on the 17th of *October*, 1838, or of any offer to make it on that day; nor does it allege any matter of excuse for the failure. It cannot therefore be sustained. It relies on the tender of a deed on the 7th of *August*, 1844, nearly six years after the time fixed by the parties for the final performance of the contract. Such a tender is insufficient, as it is immaterial whether it was made or not. Suppose the defendant had, by a rejoinder, taken issue on this allegation of tender, and the issue had been found for the plaintiffs, they could not have had judgment

on the verdict, because the fact found, namely, the tender of a deed in 1844, would not have shown that they were entitled to recover. Besides, the deed alleged in the replication to have been tendered, as shown on oyer, does not contain a covenant of general warranty. It is not such a deed, therefore, as, according to the plea, the vendors had agreed should be made. It may be that the vendors, in promising a warranty deed, exceeded their authority; but still they had a right to bind themselves personally, as they did, that such a deed should be made, and the defendant has a right to show that the contract, in that respect, has not been performed.

Our opinion therefore being that the twelfth plea is good, and the replication to it bad, the judgment for the defendant, on his demurrer to the replication, must be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*W. H. Combs*, for the appellants.

*J. B. Howe, H. Cooper, D. H. Colerick*, and *J. G. Walpole*, for the appellee.

(1) The plaintiff, who seeks for the specific performance of an agreement, must show that he has performed, or offered to perform, on his part, the acts which formed the consideration of the alleged undertaking on the part of the defendant.—*Colson* v. *Thompson*, 2 Wheat. 336.

See also 2 C. & P. 286.—1 R. & M. 394.—2 Scam. 488.—12 John. 190.—4 Taunt. 334.—5 id. 625.—2 Ves. 57.—1 P. Wms. 201.

(2) See *ante*, p. 174, and *ante*, p. 190.