## EMMONS *v*. KIGER.

COMPLAINT—WRITTEN INSTRUMENT.—In a suit for the purchase money on a written contract for the sale of land, where the complaint avers performance of the contract on the plaintiff's part, and the tender of a deed, the action is not founded upon the deed, and a copy thereof need not be filed with the complaint.

BOUNDARIES—MONUMENTS.—The rule is well settled that in ascertaining boundaries, visible monuments, such as stones, trees, stakes, and the like, are held to control other designations not obvious to the senses. Page 486.

TIME—RULE AT LAW.—A suit at law, under the old practice, could not be maintained for the recovery of an installment of purchase money, upon the payment of which the deed was to be made, if the deed had not been tendered on the day the installment became due. Page 486.

PRACTICE UNDER THE CODE.—The code substitutes one form of action for those previously existing at law, and for the bill in equity, but no change is made in the rights of parties, and the same essential facts to obtain relief must be alleged and proved now as before. Page 487.

TIME—SPECIFIC PERFORMANCE—RULE IN EQUITY.—In suits for specific performance in equity, time is regarded as waived, when the conduct of the defendant is such as to justify the inference that he has acquiesced in the delay; and his continued possession, under the contract of purchase, and refusal to surrender the possession to the vendor, have always been held sufficient to show this acquiescence. Page 488.

SPECIFIC PERFORMANCE—COMPLAINT.—In a suit for the purchase money, on a written contract for the sale of lands, an averment in the complaint "that the defendant has taken possession, under the contract, of the land sold, and still holds the same, and refuses to surrender it to plaintiff," is sufficient to entitle plaintiff to relief in equity. Page 488.

SAME—ANSWER.—Where the answer in such suit avers that defendant has always been, and still is, ready and willing to pay according to the contract, upon the presentation of a sufficient deed, but denies that such deed was tendered conditionally, when the purchase money became due, according to the contract, instead of being an answer to the complaint, it fortifies and supports it. Page 488.

CONTRACT—LEASE.—Where the contract of sale stipulated that the defendant "is to have the benefit of the West house to live in, and to be charged no rent while he was working for the mill," it was not necessary that the deed tendered in pursuance of the contract should contain a clause embracing such stipulation. The written contract was itself a sufficient lease of the house. Page 489.

APPEAL from the *Delaware* Common Pleas.

FRAZER, J.—This was a suit by *Kiger* against *Emmons*, upon a written contract for the purchase by the latter from the former of real estate. The action was brought to recover the purchase money. The complaint avers performance of the contract on the plaintiff's part, and the tender of a conveyance for the land before the commencement of the suit, and that the defendant, under the contract, went into and still holds possession, and refuses to deliver

such possession to the plaintiff. The contract is made a part of the complaint. It was for the sale and purchase of an undivided one-third of a small lot of land and saw-mill, and purported to describe its boundaries. The price was to be $883.33, in three equal annual payments; the first to become due the 25th of *December*, 1859, and may be discharged in lumber or notes, if the lumber is ready by the 1st of *August;* and then *Kiger* is to execute to *Emmons* a good deed of conveyance, and *Emmons* is to have the immediate possession of his part so contracted for, and participate in its expenses and profits, and pay his part of the taxes for 1859 and following, and *Emmons* is to have the use of the West house to live in, and not to be charged any rent while he is working for the benefit of the mill, etc.

It is claimed that the court below erred in overruling a demurrer to the complaint; and it is argued, in support of this claim, that the deed alleged to have been tendered should have been made a part of the complaint. We think not. The action was founded upon the contract, and not upon the deed.

The defendant answered in six paragraphs; to the second, third, fourth, and sixth of which demurrers were sustained, and each of these rulings is assigned for error.

The second paragraph admits the making of *an* agreement, such as is stated in the complaint, but insists that it was for the purchase of a lot of land, the true boundaries of which are different from those specified in the written contract, in this, to-wit: that the true point of commencement was on the north and south line, dividing the south-east quarter of section 21, etc., at a stake twenty-eight rods and twelve feet north of the line, between *Henry* and *Delaware* counties, thence running north twenty-two rods, etc.; whereas the point of commencement is described in the contract as being on the same subdividing line, " at a stake which is twenty-eight rods and twelve feet north of

the line dividing *Henry* and *Delaware* counties, and immediately at the south-east corner of said west half of the south-east quarter of section 21, thence north from the first mentioned stake twenty-two rods," etc. It is also alleged that the south line of section 21 is the county line between *Henry* and *Delaware*, and that the land described in the deed tendered is not the land purchased.

As to this paragraph, the point made in argument is, that the deed tendered had a patent ambiguity in the description, which makes it void. We do not concur in that opinion. The most that can be said possibly against the deed is, that it would certainly convey the exact land claimed by the defendant to have been actually purchased, and possibly *more;* and he could hardly be injured thereby. But we do not think that he would by the conveyance be subject even to the slight misfortune of getting more land than he contracted for. The starting point, a visible stake, twenty-eight rods and twelve feet north of the county line, on the subdividing north and south line, passing through the quarter section, is quite definite, and can not be at the county line, and besides, the rule is well settled that in ascertaining boundaries, visible monuments, such as stones, trees, stakes, and the like, are held to control other designations not obvious to the senses. The south line of the section may be mistaken; a visible stake can not be; the location of a county line is apt to be better known than a section line.

The third paragraph of the answer admits the contract, and that he was always ready to perform, etc., but avers that no deed was tendered conditionally on payment on the 25th of *December*, 1861, the day when the last instrument of purchase money became due. The question presented by the demurrer to this paragraph was, whether or not time is to be regarded as of the essence of the contract. The appellant claims that in a suit at law, under the old practice, it would be so regarded, and he relies upon *McCulloch* v. *Dawson*, 1 Ind. 413, and cases there cited; *Carpenter* v.

*Lockhart, Id.* 434. These authorities are to that effect, and are doubtless good law.

It is further insisted by the appellant that the code has not wrought a destruction of the distinction between suits at law and in equity, and *Carver* v. *Fennimore*, 8 Ind. 135, is cited as supporting this view. In that case the question was not before the court; and though the opinion takes a wide range, and it is declared that a suit *at law* could not be maintained for the recovery of an installment of purchase money, upon the payment of which the deed was to be made, if the deed had not been tendered on the day the installment became due, yet no opinion was expressed upon the question now under consideration, for the reason that it was not in that case. It is true that some language is employed, from which it would be natural to infer that the judge would have decided as the appellant maintains, if the question had been before him.

If there is any thing in the code which justified that radical change which it effected in the pleadings and practice in courts of justice, by substituting a new and untried system for one which had been long used, and had become thoroughly settled, it is the very fact that it swept away those distinctions between suits at law and in equity, and between the different forms of actions, by which justice had been so often defeated, in consequence of mistakes in the names with which parties christened their suits. Instead of the bill in chancery, the four classes of actions in form *ex contractu*, and the four *ex delicto*, nine in all, one form of action was substituted. But it is nevertheless true that no change was made as to the rights of parties, by the introduction of new machinery for the attainment of justice. The same essential facts, to obtain relief, must be alleged and proven now, as before. And to obtain the relief, which formerly must have been sought by bill in equity, the same substantial allegations must now be contained in the complaint, which were then required in the bill.

Let us apply these suggestions to the question under consideration.

It is conceded that this suit could not be maintained at law, the facts being as disclosed in the third paragraph of the answer. The plaintiff's complaint evinces that the pleader was aware of this, and hence the averment was made, not necessary at law, "that the defendant has taken possession, under the contract, of the land sold, and still holds the same, and refuses to surrender it to the plaintiff." Is this averment sufficient to entitle the plaintiff to relief in equity?

It must be remembered that the suit is one to compel a specific performance by the vendee of his contract of purchase. It must also be borne in mind that, in such a case as this, equity does not regard time as strictly of the essence of the contract; or, to speak more accurately, it will regard it as waived where the conduct of the defendant has been such as to justify the inference that he has acquiesced in the delay. 1 J. C. R. 370. The continued possession of the defendant under the contract of purchase, and his refusal to surrender such possession to the vendor, has always been held sufficient to show his acquiescence. The fact can be accounted for only upon the hypothesis, that he looked to the future performance of the contract, and that the plaintiff permitted it for the like reason. This paragraph of the answer, instead of attempting to negative the idea of acquiescence in the delay, expressly affirms such acquiescence by averring that he always has been, and still is, ready and willing to pay according to the contract, upon the presentation of a sufficient deed. The paragraph, instead of being an answer to the complaint, justifies and supports it. *Waters* v. *Travis,* 9 Johns. 450; *Brasin* v. *Gratz,* 6 Wheat. 528.

The demurrer to the fourth paragraph of the answer presented the question, whether the deed should have embraced the "free use of the west house to live in while the defendant is working for the benefit of the mill."

The contract did not stipulate for a clause in the deed of conveyance to operate as a lease of the house, and it was therefore unnecessary, and would have been exceedingly awkward; and if a formal lease was required at all, as a condition upon which the payment of the money depended, the general denial put the plaintiff upon proof of performance of that condition, and therefore the paragraph was unnecessary, and might have been stricken out on motion. The ruling upon the demurrer accomplished the same end, and was not error.

It may be further observed, that the written contract itself is a sufficient lease of the house, and that it stipulates for nothing more upon that subject.

The sixth paragraph of the answer alleges the payment of a large part of the first installment before the 25th of *December*, 1859, and his readiness to pay the balance of that payment on that day; but that the plaintiff did not tender a conveyance, on that day, upon such payment.

What we have said concerning the third paragraph, disposes also of this one, inasmuch as the legal question is the same, the paragraphs being framed with a view to meet either of two constructions, which it was evidently anticipated might be placed upon the contract, as to the time when the deed was to be made.

Judgment affirmed, with five per cent damages and costs.

*Thomas J. Sample*, for appellant.

*Walter March* and *William Brotherton*, for appellee.