## O'KANE *v.* KISER.

TITLE-BOND—DEPENDENT CONTRACTS.—Where real estate is sold by title-bond, with a covenant to convey on the same day that the note given for the purchase money matures, the payment of the note and the making of the conveyance are dependent acts, and at law there could be no recovery on the note, unless a deed was tendered on the day.

SAME—In equity a suit might lie on the note, as for specific performance, though no deed was tendered on the day named in the contract, but in

O'Kane *v.* Kiser.

such case the vendor must show that he has performed, or offered to perform, the contract on his part, by the execution of a deed.

SAME—INCUMBRANCES.—Where the vendor has covenanted to convey an unincumbered title, he cannot compel the vendee to accept an incumbered title, though the vendor may be solvent.

APPEAL from the *Warren* Circuit Court.

FRAZER, C. J.—The questions in this case are: 1. Whether where a promissory note has been given for the purchase money of land, and a title-bond taken conditioned for the conveyance of the land, with an unincumbered title, on the same day that the note becomes due, a suit can be maintained on the note, if a deed be tendered, though the land is incumbered by a mortgage not due, the obligor being solvent? 2. Whether parol evidence is admissible to show knowledge by the purchaser, when the contract was made, that the mortgage incumbrance would not be due at the time the deed was required to be made to him? A statement of the pleadings and evidence necessary to show how these questions arise is omitted, because it is somewhat lengthy and would accomplish no useful purpose. Of the questions in their order: 1. The payment of the money and the conveyance of an unincumbered title were dependent acts, and, at law, there could be no recovery unless such a title was offered *on the day*. *McCulloch* v. *Dawson*, 1 Ind. 413. It follows that in the present case, the suit on the note can only be sustained, if at all, as being in equity to compel a specific performance, time not being regarded in equity as so strictly of the essence of the contract. But one who comes into equity seeking to compel a specific performance must show that he has performed, or offered to perform, the acts on his part to be performed, which constituted the consideration of the contract which he asks the court to compel the other party to perform. This is thoroughly settled by the authorities, acting upon the maxim that "he who seeks equity must do equity." It is also in entire harmony with the principles of justice and honesty.

The purchaser here agreed to pay his money for an unincumbered title, not for the mere covenant of the vendor against incumbrances. He purchased the *land*, not the vendor's *contract*, and having contracted for the former unincumbered, a court of equity will not compel him to take it with an unpaid mortgage upon it, and the covenant of a solvent party against the mortgage. The power of the court to compel a specific performance is an extraordinary power, and will not be exercised in behalf of a party who is either unwilling or unable to do that for which the defendant agreed to pay.

2. We cannot perceive that any influence, in such a case, ought to be given to the fact that the purchaser had knowledge that the incumbrance would not be due on the day fixed for making the conveyance. It was certainly competent for the parties to contract for its removal before its maturity. They did so contract in this case, and must abide by their agreement.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*J. McCabe*, for appellant.

*Davis* and *Rhodes*, for appellee.