No. 9968.

## VAWTER v. BACON.

CONTRACT.—*Specific Performance.*—As a general rule, one who seeks specific performance must have done all in his power to perform the contract on his part.

SAME.—*Enforcement of Execution.*—*Equity.*—The specific execution of a contract in equity is a matter, not of absolute right in the party, but of sound discretion in the court; so that a bill may be resisted on much weaker grounds than are necessary for its maintenance.

SAME.—*Reformation of Contract.*—Upon the facts of this case—for which see opinion—

*Held,* that the court did not err in refusing to reform and specifically enforce the contract between the parties for the sale of realty.

SAME.—*Contract to Execute Promissory Notes.*—*Special Terms.*—An agreement to execute promissory notes for certain sums does not bind the party to make notes with extraordinary provisions, such as for payment in bank, ten per cent. interest, and attorney's fees.

SAME.—*Agreement to Convey Realty.*—*Consideration.*—*Deed.*—*Rescission.*—*Waiver.*—If A., who has agreed to convey realty to B. in consideration of the agreement of B. to execute to A. promissory notes for certain sums, payable at certain times, with interest, demands of B. notes drawing ten per cent. interest, payable in bank, and with attorney's fees, and insists on withholding a deed for the realty until such notes shall have been made, B. may treat the contract as rescinded, and does not waive this right by taking possession and making improvements, if A. thereafter continues to withhold the deed and to demand improper notes.

SAME.—*Notice of Election to Rescind.*—*Escrow.*—*Agency.*—The agent of A. in such case, appointed to hold the deed and to deliver it only upon a compliance by B. with A.'s wrongful demands, was a proper person to receive notice of B.'s election to treat the agreement as rescinded.

From the Jefferson Circuit Court.

*D. Overmyer, T. W. Woollen* and *D. D. Banta,* for appellant.

*D. Bacon* and *T. C. Batchelor,* for appellee.

WOODS, C. J.—Action by the appellant for the correction and specific enforcement of a written contract for the sale of real estate.

The contract as signed is of the tenor following: "David G. Vawter has sold the residence formerly owned by James H. Vawter, deceased, and now occupied by John Riley, in the town of Vernon, for the sum of fifteen hundred dollars, three hundred and seventy-five dollars due November 6th, 1879, three hundred and seventy-five dollars due November 6th, 1880, and three hundred and seventy-five dollars in 1881, and three hundred and seventy-five dollars in 1882, interest on all the notes to be paid annually, and making the whole purchase-money $1,500.    Lot No. 1 and 22, of No. 4 south part.           (Signed)       DAVID G. VAWTER.

                              "DANIEL BACON.

"FRANKLIN, November 6th, 1878."

The mistakes alleged in the complaint are, that Bacon was not named in the writing as vendee, the failure to give an accurate description of the property, and the omission of the date "November 6th," when the notes payable in 1881 and 1882 should become due.    It is alleged that the defendant took possession under the agreement, made valuable improvements, and occupied until a day in the year 1879, when he abandoned the possession, and refused to abide by the agreement; that the plaintiff had always been ready and willing to perform, and before bringing the action had tendered the defendant a deed duly executed, and had demanded of him the execution of notes for the purchase-money, etc.

The defendant answered: *First.* A general denial. *Second.* A voluntary and mutual agreement of rescission. *Third.* The facts in detail, to the effect that the memorandum was not intended as evidence of the entire contract, and was know-

ingly and purposely signed as it is, without mistake or unintentional omission; that the agreement as made, which is set out at length, the plaintiff had failed and neglected to perform, and on account of this failure the defendant had elected to abandon the possession, and to treat the contract as rescinded, had tendered back to the plaintiff the keys of the property and a sum of money, which is brought into court, for the use and occupation during the time of his possession.

As no question is made upon the pleadings, a fuller statement of them is unnecessary. The court found upon the evidence for the defendant; the appellant moved for a new trial, insisting that the decision was contrary to the law and to the evidence.

It is evident that the writing, uncorrected and unaided by extrinsic facts, could not be specifically enforced; and, upon the evidence in the record, it can not be said, with certainty, that the court should have ordered a correction of the instrument to supply an unintentional omission, or to correct any mutual mistake. The parties made a parol agreement, which, according to the testimony of the appellee, it was not proposed to reduce to writing, because it was to be fully executed within a few days by the execution of a deed and delivery of possession by the appellant, and the execution of notes and a mortgage for the purchase-money by the appellee; but, shortly after the making of this parol agreement, the appellant himself prepared and signed the memorandum, and sent it, by another, to the appellee for signature, whereupon, without reading it through, he signed it. If, therefore, there is any proof to warrant a correction, it must be on the inference that the parties intended the memorandum to express their parol agreement; and if this inference can be indulged to any extent, it must in fairness be carried to all the terms of the agreement, and for the purposes of this action the memorandum, if corrected at all, should be conformed to the entire contract—the parts favorable to the appellee as well as those relied on by the appellant.

The evidence shows a parol contract for the' sale of the property by the appellant to the appellee for $1,500, payable in four annual instalments, with interest, the appellant to convey and deliver possession immediately, and the appellee to make to the appellant promissory notes for the purchase-money, secured by a mortgage upon the property.

The contract was made at Vernon, where the appellee resided, the appellant being a resident of Franklin. The appellant went home, and on the next day, with his wife, signed and acknowledged a deed for the conveyance of the property to the appellee, which he sent to Hiram Read, at Vernon, to be delivered upon the execution by the appellee of four notes and a mortgage, which the appellant sent along with the deed to Read, with strict instructions that the notes must be executed as written, payable at a bank in Franklin, with attorney's fees, with ten per cent. interest after maturity, and without relief from valuation or appraisement laws. The appellee, upon being informed of the terms of the proposed notes, objected to the provisions for payment in bank, for attorney's fees, and ten per cent. interest, and in a conversation with the appellant, on or about the 11th of the month (November, 1878), told him that he would not sign such notes, but would abandon the contract. The appellant requested him to consider the matter further, and insisted that the contract could not be rescinded. A few days thereafter the appellee took possession of the property, and held it until the 10th of March, 1879, when he left it, and offered to surrender the keys to Read as the agent of the appellant, and to pay $40 for the use of the property, at the same time demanding compensation for repairs made by him upon the property. From the time the appellee took possession the appellant, through his agent Read, continued to insist upon the execution of the notes and mortgage, in the terms in which he had prepared them, and without this refused to deliver the deed.

It is plain that the appellant, in this respect, was in the wrong. His contract, oral or written, corrected or uncor-

rected, entitled him to promissory notes, plain and simple, without any special or extraordinary provisions, and when he insisted upon the notes which he tendered for execution, as a condition to the delivery of the deed, he committed a breach of the contract.

At this point it is insisted by counsel for the appellant that by entering into possession after being requested to execute these notes, and by continuing in possession for four months, the appellee waived the right to rescind. It may be that this should be regarded as a waiver of the right to rescind, on account of the plaintiff's conduct down to that time, but the count of the plaintiff's conduct before that time, but the plaintiff to perform the contract, and a continued insistence upon a false interpretation of its terms; and, consequently, it became a question of fact for the court, upon all the circumstances, to say whether the defendant was justified in throwing up the possession, and refusing to be bound further.

We can not say that the conclusion reached was wrong. The general rule is that a party who seeks specific performance of a contract must have done all in his power to fulfil the contract on his part. *Mather* v. *Scoles*, 35 Ind. 1 ; *O'Kane* v. *Kiser*, 25 Ind. 168 ; 1 Story Eq., section 750. The specific execution of a contract in equity is a matter, not of absolute right in the party, but of sound discretion in the court. Hence a bill may be resisted upon much weaker grounds than are necessary for its maintenance ; and, though refused a specific performance, a party may still have his remedy at law. 1 Story Eq., section 769.

Some argument has been bestowed upon the question whether or not Read, as the agent of the appellant, had authority to receive the keys of the property from the appellee, and to accept the sum offered for the use of the property, while the appellee was in possession. The inquiry can hardly be important, because it could not relieve the failure of the appellant to show readiness to perform the contract on his part. But, conceding that Read had no authority to consent to a

rescission, it by no means follows that he was not a proper agent to receive notice of the defendant's election to rescind, on account of his principal's failure and refusal to perform in accordance with the plain meaning of the contract. He was made agent to hold the appellant's deed for delivery to the appellee, upon his compliance with conditions not in the contract, and was also agent to insist upon those conditions. It was a necessary incident of such an agency that he should receive notice for his principal of the appellee's refusal to comply with the improper demand, and of his election to treat the contract as at an end.

Whether or not, under the circumstances, the appellee was entitled to compensation for improvements put upon the property while he was in possession we need not decide. The fact that he had made such improvements was certainly no obstacle to his abandonment of the property and of the contract of purchase, upon the persistent failure and refusal of the appellant to convey in accordance with the agreement.

Judgment affirmed.

Opinion filed at the November term, 1882.
Petition for a rehearing overruled at the May term, 1883.