THOMAS DUNN, Appellant, v. JAMES McGOVERN AND EDWARD MARKEY, Appellees.

Specific Performance:   EVIDENCE.   Specific performance of an alleged contract for the sale of land cannot be had unless the contract is clearly established, and the terms and conditions free from doubt.

*Appeal from Polk District Court.*—HON. C. A. BISHOP, Judge.

WEDNESDAY, JANUARY 29, 1902.

Action in equity for specific performance of an alleged contract to convey land. Upon trial in the district court the relief prayed was denied, and the plaintiff appeals. —*Affirmed.*

*James Nugent* for appellant.

*Dudley & Coffin* and *M. J. Daugherty* for appellees.

Weaver, J.—Prior to the year 1880 the plaintiff married the daughter of the defendant McGovern, who is a resident of Illinois. Plaintiff is a machinist by trade, but, not prospering satisfactorily in that line of work, he came to Polk county, Iowa, and for a time lived there upon a farm belonging to McGovern. Later he leased the land now in controversy from one Ellison, the then owner thereof, and pending the term of said lease McGovern purchased the land from Ellison, and took title to himself. Up to this point there is no dispute between the parties. Plaintiff claims, however, that such purchase was really made for him, and that McGovern at the time, or soon afterward, made and delivered to him a written contract to convey the land on payment of its cost price. That contract, if it ever existed, is lost, but the defendant positively denies that such paper was ever made. Defendant's theory is that for the purpose of securing a home and support for his daughter and her children he bought the land, and permitted the plaintiff and family to live thereon under an oral agreement by which plaintiff was to pay taxes, repairs, etc. He further says, in substance, that it was his intention in due time to secure said property to his daughter and her children by deed, will, or otherwise, but, the daughter having died in 1885, that purpose was abandoned; and that, while plaintiff has since that date been at times in possession of the land, it has been as his tenant, or upon sufferance only. It will thus be seen that the issue we have to decide is almost exclusively one of fact. No good purpose will be served

by discussing testimony in detail, and it may be said that
on neither side is it so clear or satisfactory as could be
wished.  On both sides there is a forgetfulness which is
natural in regard to circumstances and conversations taking
place a score of years in the past, and some indication of the
mental reservations and prejudices which ordinarily mark
the testimony of hostile witnesses in family disputes.  The
pleadings upon both sides are patched with repeated amend-
ments adding to, taking from, qualifying, or withdrawing
allegations earlier made with a freedom which suggests that
the exigencies of the case have served as a powerful stimu-
lant to the memory of all the parties in interest.  It is
true there are many circumstances in the subsequent deal-
ings between the parties which are consistent with the
plaintiff's story, but unfortunately they are not, as a rule,
inconsistent with the story told by defendant.  While it
seems natural, if not probable, that defendant would de-
vote this property to the use and benefit of the daughter and
her children, there are features of the case which would
seem to render it improbable that he would place his bounty
in the control of her husband.  It is not too much to say
that the evidence demonstrates the plaintiff to be lacking
in business thrift, and that from the outset he has been
burdened with an uncomfortable load of debt.  That fact
must have been well known to the defendant before the
land was purchased from Ellison, and, while stimulating
him to make provision for the daughter's protection, would
almost inevitably deter him from placing the property
in the control of her husband.  Whether there was in fact
any agreement to convey to the daughter we need not con-
sider, for such is not the contract sued upon.  That there
was ever a written contract or bond for deed as claimed
by plaintiff is not satisfactorily shown by the evidence.
It is a recognized principle of the law of specific perform-
ance that, to grant such relief, the contract to be enforced
must be clearly established, and the terms and conditions

thereof made free from doubt. *Wilmer v. Farris,* 40 Iowa, 309; *Ralls v. Ralls,* 82 Ill. 243; *Wright v. Wright,* 31 Mich. 380; *Allen v. Fiske,* 42 Vt. 462; *Boggs v. Bodkin,* 32 W. Va. 566 (9 S. E. Rep. 891, 5 L. R. A. 245). A much stronger case is required to maintain the suit than to defeat it. Willard, Equity Jurisprudence, 263; *Vawter v. Bacon,* 89 Ind. 565.

In our judgment, the plaintiff's case is not thus sustained by the evidence, and the decree of the district court is AFFIRMED.