JOHN D. PARIS *v.* J. A. MAGOON, Administrator of the Estate of A. Fernandez, deceased.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED JANUARY 8, 1903.    DECIDED FEBRUARY 24, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A decree dismissing a bill for the specific performance of a contract is not a bar to a subsequent action for damages for a breach of the

contract, when it appears that the question of damages was not raised in the former suit and that the decree was not based on any ground that showed there was no right of action under the contract.

An administrator may be liable in damages for a breach of contract occurring before the death of his decedent, even though the contract is of a nature personal to such decedent.

OPINION OF THE COURT BY FREAR, C.J.

Of the many exceptions taken only those that have been argued will be considered.

The first exception is to the overruling of the defendant's plea of *res adjudicata*. This is an action for damages against an administrator for a breach by his decedent of a contract for the sale of cattle and leases constituting a ranch. It is contended that there can be no recovery in this action for damages because this matter was adjudicated in a former suit in equity for specific performance. It does not appear that there was any prayer for damages or adjudication of the question of damages in that suit as a mode of relief either incidental or alternative to that of specific performance. In that suit the Circuit Judge denied specific performance of the portion of the contract relating to the cattle but granted it as to the leases, but on appeal this Court reversed the decree, holding that there could be no specific performance as to the cattle because the method of ascertaining the amount to be paid for them involved personal acts of the vendor and the vendor had died, and that there could be no specific performance as to the leases because the contract was entire and the agreement as to the leases alone was a minor part of the contract. *Paris v. Greig*, 12 Haw. 274. The contention seems to be that this matter of damages must be regarded as concluded by the decree in that suit dismissing the bill, on the principle that a decision is decisive not only of everything that was litigated but also of everything that might have been litigated in the case. This question was gone into so fully in *Haw. Com. & Sug. Co. v. Wailuku Sug. Co. ante*, 50, that it will be unnecessary to consider it at length here. Suffice it to say that that principle applies to intermediate matters, whether litigated

or not, so far as the ultimate matter decided is concerned and not either to intermediate matters or to other ultimate matters not in fact litigated. If the bill in the former suit had been dismissed because there was no contract or for any other reason that showed that there was no right of action at all, or if the matter of damages as a question of alternative relief had been litigated and decided the case might be different. Even if damages had been prayed alternatively, but the court had declined to go into that question it would not be *res adjudicata.* That the mere dismissal of a bill for specific performance, at least where as here it affirmatively appears that the question of damages was not raised at all, does not bar an action for damages for a breach of the contract, seems to be generally acknowledged. 1 Story, Eq. Juris. Sec. 769; 2 Van Fleet, Form. Adj. 886; Pom., Contr., Sec. 475; *Ballou v. Billings,* 136 Mass. 307; *Vawter v. Bacon,* 89 Ind. 565; *Smith v. Shepherd,* 36 Ia. 253; *Renner v. Sharp,* 23 N. J. Eq. 274; *Beck v. Allison,* 56 N. Y. 366. The case of *Stickney v. Goudy,* 132 Ill. 213, relied on by the defendant, also supports this view.

The next exception was to the admission in evidence of the contract for the alleged breach of which the action was brought. The grounds urged in support of the objection to this evidence were stated in various ways but in substance they all amount to this, that the performance of the contract, particularly with reference to the ascertainment of the amount to be paid for the cattle, depended on the personal act of the vendor and that, since he died before that amount was ascertained, there can be no right of action against his administrator, in other words, that the contract died with him. The answer to this is that the action is not brought for a breach that occurred after the vendor's death, but for a breach alleged to have occurred before his death. See *Paris v. Greig, supra,* at page 283. The price for the cattle was to be ten dollars a head for all that were over one month old and that were strong and healthy. They were to be driven by the vendor and counted by both vendor and vendee. They were so driven and so counted to the number of 964 and then turned out. The vendor claimed that there were four

hundred more undriven. The vendee conceded that there were one hundred more, which he would pay for without a further drive, and offered to pay for the whole alleged four hundred more without a further drive if the vendor would guarantee that number. The vendor declined to guarantee that number or to make a further drive. The plaintiff in this action waived all damages as to cattle over the number, 964, actually driven and counted.

The only remaining exception relied on was to the refusal to direct a verdict for the defendant because the plaintiff had not tendered to the vendor the expenses of a second drive. We are unable to perceive on what theory such a tender was required.

The exceptions are overruled.

*Kinney, Ballou & McClanahan* for plaintiff.

*J. A. Magoon and J. Lightfoot* for defendant.