*W. Quarles,* for the plaintiffs.

*C. C. Nave,* for the defendant.

---

### DAWSON and Another *v.* WELLS.

A justice of the peace has no jurisdiction of a cause where his brother-in-law is the plaintiff; and a judgment for the plaintiff in such a case is *coram non judice* and void.

The plaintiff who causes an execution to be issued on such a judgment and the justice who issues it being thus related, are liable in trespass *de bonis asportatis* to the party whose goods are sold under the execution.

ERROR to the *Dearborn* Circuit Court.

BLACKFORD, J.—*Wells,* in *October,* 1850, brought an action of trespass *de bonis asportatis* against *Dawson* and *Dilts.* The defendants pleaded not guilty. The cause was afterwards, at the *October* term, 1850, tried, and a verdict and judgment rendered for the plaintiff.

The following are the facts:

The defendants, *Dilts* and *Dawson*, are, and have been for many years, brothers-in-law, and were so on the 8th of *January*, 1850; which fact was known to them both, and to said *Wells*. *Dawson* was a justice of the peace; and, on said 8th of *January*, 1850, *Dilts* commenced a suit before *Dawson*, as such justice, against said *Wells*, on a promissory note. The process issued by said justice was duly served; but *Wells* failed to appear to the suit, and judgment was rendered against him by default. *Dilts*, afterwards, caused said justice to issue a *fieri facias* on said judgment, and, under that execution, certain goods of *Wells* were taken and sold.

The present suit is for the taking of those goods. The said judgment-plaintiff, and the justice, are the defendants.

The main question to be decided is, whether or not the justice who issued the execution under which *Wells's* goods were sold, had jurisdiction of the cause?

The statute says, that no justice of the peace shall have cognizance of any action by or against any person or persons with whom he may be related in any of the degrees of affinity or consanguinity. R. S. p. 863. By this statute, justice *Dawson*, as the brother-in-law of *Dilts*, had no jurisdiction of the cause; and his judgment is *coram non judice* and void. This opinion is in accordance with a decision in *Vermont* under a statute similar to ours. *Hill* v. *Wait*, 5 Vermont Rep. 124.

The judgment of the justice being absolutely void, he and the judgment-plaintiff are liable in trespass *de bonis asportatis* to the party whose goods were sold under the execution.

The Court, on the plaintiff's motion, instructed the jury as to the law governing the case. The instruction is in accordance with the opinion we have above expressed, and is unobjectionable.

Some instructions asked for by the defendants were refused. One of them was objectionable, as stating the proceedings of justice *Dawson* not to be void, but only voidable, and the others were irrelevant (1).

*Per Curiam.*—The judgment is affirmed, with costs.

*A. Brower*, for the plaintiffs.

*E. Dumont*, for the defendant.

(1) This case overrules that of *Eastwood* v. *Buel*, 1 Carter's Ind. R. 434.