[S. F. No. 4995. In Bank.—August 31, 1910.]

P. R. BOONE, Appellant, v. HENRY TEMPLEMAN and ABRAHAM MAYER, Respondents.

SPECIFIC PERFORMANCE OF CONTRACT TO SELL LAND—TIME OF ESSENCE—SUFFICIENCY OF COMPLAINT—FACTS EXCUSING DELAY AND WAIVING FORFEITURE.—In an action for specific performance of a contract for the sale of land which made time of the essence, where the sufficiency of the complaint to state a cause of action is the only question involved, and it sets forth the undisturbed possession of the premises, part payment, and the offer of full payment before the commencement of the action upon the execution of a deed, and further sets forth sufficient facts excusing delay and waiving the forfeiture of his rights on the part of the vendor, and to charge a purchaser from the vendor with notice, it states facts sufficient to constitute a cause of action.

ID.—WAIVER OF FORFEITURE—TREATING CONTRACT AS SUBSISTING.—A condition that the title shall be made or the price paid on or before a day named may be waived by the party entitled to performance; and if such party thus waive exact performance, or if he goes on treating the agreement as still binding after default has been made, he cannot afterwards turn round and set up the delay or default as creating a forfeiture.

ID.—ACCEPTANCE OF PAYMENTS LONG AFTER DUE.—The acceptance by the vendor of payments long after they became due, without objec-

tion, was a waiver of all breaches which had occurred at or prior to the time when such payments were made.

ID.—RIGHT OF FORFEITURE FOR SUBSEQUENT DEFAULT.—The waiver of prior forfeitures would not preclude the right of forfeiture for non-payment of a future installment, if the vendor chose to assert it.

ID.—POSSESSION OF PURCHASER — ACQUIESCENCE BY VENDOR IN CON-TINUANCE OF CONTRACT AFTER LONG DEFAULT.—When the pur-chaser was in the actual use of the land during the whole period of default in monthly payments for the period of over three years, and the vendor acquiesced in such long default and in the continuance of the contract, giving no notice to the contrary, a court might infer from these facts a waiver of the condition regarding for-feiture and time being of the essence, and that they supported the allegation of the complaint that the vendor waived .those conditions.

ID.—DELAY OF VENDOR TILL WHOLE SUM FALLS DUE—DEPENDENT AND CONCURRENT CONDITIONS—TENDER OF DEED ESSENTIAL.—Where the vendor waived his right to declare the whole sum due after any default of sixty days, and allowed the time for full payment to accrue by more lapse of time, he thereby waived his right to recover any intermediate installment, but the payment of the full price due then becomes a concurrent and dependent condition upon the execu-tion of the deed, and mere non-payment thereof does not put the purchaser in default, but the vendor must tender a deed, as a con-dition of demanding the unpaid price, and he cannot without such tender declare a forfeiture, or maintain a suit either for the whole price, or for an intermediate installment.

ID.—IMPROPER DECLARATION OF FORFEITURE.—Where the vendor waited until more than a year after the last payment fell due before he assumed to declare a forfeiture, without any previous tender of a deed, such declaration of forfeiture was improper and wholly inef-fective. Until the purchaser was put in default by the tender of a deed and non-payment of the purchase price when demanded at the time of such tender, no forfeiture could be so declared.

ID.—COMPLAINT SHOWING SUBSISTING CONTRACT.—It is held that upon the face of the complaint, the contract is shown to be still sub-sisting.

ID.—DELAY IN PROCURING PAYMENT—RELATIONS OF PARTIES—COMPEN-SATION BY INTEREST.—Delay in procuring payment is not such laches as will be an impediment to specific performance, provided there has been no substantial change in the circumstances and relations of the parties during the contract, and the interest allowed under the terms of the contract will constitute not only a theoretical but an actual compensation for the purchaser's default in payment.

ID.—TIME CEASING TO BE ESSENTIAL—EFFLUX MATERIAL AS BEARING ON SPECIFIC PERFORMANCE.—Where time was originally essential, but for sufficient cause a forfeiture for default has been waived, time ceases to be essential and becomes only material thereafter until the vendor makes it essential by a proper notice and demand. In the

case at bar, upon the facts shown in the complaint, a forfeiture has been waived, and thereafter time was not essential, but its efflux was a material fact as bearing upon the right of the purchaser to enforce a specific performance.

Id.—Defense of Laches—Injury Must Appear.—The defense of laches may be made where the lapse of time is less than the statutory period of limitation, but in such cases it can be maintained only where from the delay and the circumstances there appears either actual or presumptive injury or prejudice to the other party. Where the complaint shows that the vendor is entitled to eight per cent annual interest, payable monthly and compounded monthly, there is nothing in the facts appearing to indicate that this interest will not fully compensate the vendor for the delay in the payment of the principal, or that he has been at all prejudiced thereby.

APPEAL from a judgment of the Superior Court of Alameda County. William H. Waste, Judge.

The facts are stated in the opinion of the court.

A. E. Shaw, Leon E. Martin, and Keyes & Martin, for Appellant.

Chickering & Gregory, for Respondents.

SHAW, J.—Appeal by plaintiff from a judgment in favor of the defendants, given after a ruling sustaining a general demurrer to the complaint. The sole question presented is the sufficiency of the facts stated in the complaint to constitute a cause of action.

The plaintiff sued to enforce specific performance of a contract for the sale of land, executed by him, as purchaser, and by Templeman as vendor. Mayer is a subsequent purchaser from Templeman, with notice of plaintiff's rights. The contract of sale was in writing and was executed on October 17, 1901. The price fixed for the land was two thousand seven hundred and fifty dollars, of which six hundred dollars was paid at the time of the execution of the contract. The remainder, two thousand one hundred and fifty dollars, was to be paid thereafter in monthly installments of fifty dollars each, with interest at the rate of eight per cent per annum, said installments and interest to be paid in advance on the fifth day of each month, beginning on November 5, 1901. The interest was to be compounded·if not paid as it fell due. If any

installment of principal and interest was not paid within sixty days after it became due the whole of the unpaid portion of the price should, at the election of the vendor, forthwith become due, in which event the vendor was given power to sell the land to pay the sum unpaid and all previous payments were thereupon to become forfeited. The title to the land remained in the vendor and he was to convey the same to Boone when the price was fully paid. Boone was to have immediate possession and he was to pay all taxes and assessments on the land. He received immediate possession and has ever since retained possession of the land, occupying and using it, but making no improvements. Time was declared to be of the essence of the contract.

In addition to the six hundred dollars paid when the contract was executed Boone paid fifty dollars on November 2, 1901; fifty dollars on December 12, 1901; one hundred and fifty dollars on March 27, 1902; one hundred dollars on June 8, 1902; one hundred and fifty dollars on September 8, 1902, and two hundred and fifty dollars on April 24, 1903. He has made no other payments of principal or interest. Nothing is averred concerning taxes and assessments. The amended complaint was filed on July 19, 1907. The date of filing the original complaint is not shown in the record on appeal. Counsel for respondents in their brief say the action was begun on March 18, 1907, and this is not controverted.

The contention of the respondents is that, by his failure to make the payments of the contract price as they fell due, the plaintiff has forfeited his rights to a conveyance under the contract, and that, by reason of his delay and laches in beginning the action, it has become barred. Anticipating these assertions, the plaintiff alleges certain facts which he claims excuses the failure and delay and prevents the forfeiture of his rights.

It will be observed that only one payment was made when due, that of November 2, 1901, which was three days in advance of the time specified. The others were all made after the time fixed. The installments due in January, February, and March, 1902, respectively, were paid in a lump sum of one hundred and fifty dollars on March 27th. Those for April 5 and May 5, 1902, were not paid until June 8. Those for June, July, and August, 1902, were not paid until September

8th. The next and last payment, two hundred and fifty dollars, was on April 24, 1903, and this would pay up for only five additional months, including the fifty dollars falling due February 5, 1903. We have not included the accruing interest in this computation. It is alleged that each of these payments was accepted by Templeman "without objecting thereto on the ground that plaintiff was not complying with his contract," Templeman never demanded any payments whatever, and never, until July, 1906, notified plaintiff that he was delinquent in making payments on the price, and he has never tendered a deed or demanded the balance of the price. So far as appears, he never demanded possession. In July, 1906, Templeman, without any previous demand for performance, gave Boone a written statement purporting to rescind said contract. Boone immediately offered to pay Templeman one thousand dollars upon the price, asked a statement of the exact balance due, and offered to pay the whole thereof as soon as it was ascertained. Templeman refused to accept the one thousand dollars, or to give a statement of the balance due, but said he would consider and let Boone know in a few days what he would do about it. Templeman did not make any further communication to Boone on the subject. On December 3, 1906, Boone made an offer in writing, to Templeman, to pay all sums of money due under the contract and to fully perform the same upon the condition that Templeman should perform on his part by executing the necessary deed. Boone was then, and ever since has been, ready, willing, and able to perform. Templeman made no objection to the sufficiency of Boone's offer, nor any objection thereto whatever, but referred Boone to his attorneys. His attorneys were forthwith seen and they said Templeman would at once begin suit against Boone about the matter. No suit was begun by Templeman, however, and after learning from Templeman's attorneys that such suit would not be instituted, Boone began the present action.

The plaintiff contends that the conduct of Templeman in the matter amounts to a waiver of the condition that time should be of the essence of the contract, and of his right to declare a forfeiture for non-payment.

The general rule on the subject is thus stated by Mr. Pomeroy: "A condition that the title shall be made, or the price shall be paid, on or before a day named, may be waived by the

party entitled to performance; and if such party thus waives the exact performance at the day, or if he goes on treating the agreement as still binding after default has been made, he cannot afterwards turn around and set up the delay or default as creating a forfeiture, and therefore, a defense." (Pomeroy on Contracts, sec. 337.) "The one entitled to insist upon a punctual performance by the other or else that the agreement be ended, may waive his right and the benefit of any objection which he might raise to a performance after the prescribed time, either expressly or by his conduct; and his conduct will operate as a waiver when it is consistent only with a purpose on his part to regard the contract as still subsisting, and not ended by the other party's default." (Pomeroy on Contracts, sec. 294.) Mr. Sugden says: "Although time be made of the essence of the contract, yet the condition may be waived, just as in an ordinary case; but if the purchase money is to be paid by installments, each breach in non-payment is a new breach of the agreement, and gives the seller a right to rescind the contract, but that right should be asserted the moment the breach occurs." (1 Sugden on Vendors, chap VI, sec. III-20, *p. 271.) To this point are cited *Hunter* v. *Daniel*, 4 Hare, 432; *Linscott* v. *Buck*, 33 Me. 530, and *Grigg* v. *Landis*, 21 N. J. Eq. 506, which fully support the text. Mr. Warvelle says: "Where a forfeiture has been practically waived by partial payments by the vendee after the time prescribed, the vendee cannot then suddenly stop short and insist upon a forfeiture for the non-payment of the arrears remaining unpaid, without any previous notice of the intention to do so if the arrears are not paid," citing *Harris* v. *Troup*, 8 Paige (N. Y.) 426, to the same effect, 2 Warvelle on Vendors, sec. 820, p. 962.

These authorities make it clear that the acceptance of payments of installments on the price by Templeman, without objection long after they had become due, was a waiver of all breaches which had occurred at or prior to the time such payments were actually made, and that he could not afterwards insist upon a forfeiture on account thereof. On April 24, 1903, when the last payment was made, after crediting that payment, there still remained due and unpaid the two installments for March and April of that year, and all the interest accrued to that date. As to these breaches the forfeiture was waived. The respondent does not seriously dis-

pute this.' But twelve hundred dollars of the price becomes due after April, 1903, and there was a new breach of the agreement on the fifth day of May and on the fifth day of each month thereafter, until May 5, 1905. The controlling question in the case, therefore, is whether or not the conduct of Templeman, as averred in the complaint, constituted a waiver of the condition that time was of the essence of the contract, as applied to the payments falling due after April 24, 1903, when the last sum paid was accepted.

The decisions are not entirely harmonious on this point. We find none that goes so far as to hold that the mere acceptance of one payment after its maturity will waive the right to declare a forfeiture if default occurs in subsequent installments. In *Lent* v. *Burlington etc. Co.*, 11 Neb. 201, [8 N. W. 431], the court on this point says: "The simple act of receiving a payment after the date when the payee was bound to accept it, without more, is no excuse for laches as to future payments. The effect of the acceptance is exhausted upon the payment made, and as to those following, the provisions of the contract are left to operate with unimpaired force." To the same effect are *Phelps* v. *Illinois Cent. R. Co.*, 63 Ill. 470; *Stow* v. *Russell*, 36 Ill. 18; *Keefe* v. *Fairfield*, 184 Mass. 334-337, [68 N. E. 342], and *Cash* v. *Meisenheimer*, 53 Wash. 576, [102 Pac. 429]. But in the present case we have much more than this. Boone was in the possession and in actual use of the land during the whole period. A payment of fifty dollars was due on the price on the fifth day of every month after November, 1901. Not one of these payments had been made on the day they were due, nor, except the first, until months afterwards. Fourteen payments in succession had been accepted after maturity and without objection or protest of any kind. Interest fell due each month, but nothing was paid as interest, and none was demanded, nor were any objections raised on that score. After the acceptance of the last sum paid, twenty-four additional payments of principal and interest fell due and were not paid, Boone remaining in possession and Templeman apparently acquiescing in the continuance of the contract, giving no notice to the contrary, nor doing anything inconsistent therewith for still another period of fourteen months. We think from these facts a court might infer a waiver of the conditions regarding forfeiture and time and

that they supported the general allegation of the complaint that Templeman had waived those conditions. The authorities with practical unanimity so hold. In *Monson* v. *Bragdon,* 159 Ill. 66, [42 N. E. 385], the court, upon similar facts, says: "While not necessarily an absolute permanent waiver, yet in a court of equity there was at least such a temporary suspension of the right (of forfeiture) as could only be restored by his giving a definite and specific notice of an intention to that effect." Similar rulings were made in *Steele* v. *Branch,* 40 Cal. 13; *Hudson* v. *Duke,* 21 Ga. 403; *Kansas L. Co.* v. *Harrigan,* 36 Kan. 387, [13 Pac. 564]; *Pier* v. *Lee,* 14 S. Dak. 600, [86 N. W. 642]; *Timmins* v. *Russell,* 13 N. Dak. 487, [99 N. W. 488]; *Merriam* v. *Goodett,* 36 Neb. 384, [54 N. W. 686]; *Gaughen* v. *Kerr,* 99 Iowa, 214, [68 N. W. 694]; *Cughan* v. *Larsen,* 13 N. Dak. 373, [100 N. W. 1088]; *Fargusson* v. *Talcott,* 7 N. Dak. 183, [73 N. W. 207]; *Keator* v. *Ferguson,* 20 S. Dak. 473, [129 Am. St. Rep. 947, 107 N. W. 678]; *Peck* v. *Brighton Co.,* 69 Ill. 200.

Another proposition seems applicable to the question of forfeiture. Templeman did not exercise his option to declare the whole price due upon the default for sixty days in paying any of the installments, but suffered it all to become due by lapse of time. Where in a contract for the sale of land the price is made payable in installments at different times and the deed is to be made when the whole is paid, the vendor may, upon failure to pay any intermediate installment, forthwith sue for its recovery. But if he allows the whole to become due, the payment of the price then becomes a dependent and concurrent condition, non-payment alone does not put the vendee in default, the vendor must tender a deed as a condition to demanding payment of the price, and he cannot, without such tender, declare a forfeiture, or maintain a suit either for the whole price, or for an intermediate installment. (*McCroskey* v. *Ladd,* 96 Cal. 459, [31 Pac. 558]; *Russ* v. *Muscupiabe etc. Co.,* 120 Cal. 526, [65 Am. St. Rep. 186, 52 Pac. 995]; *Glock* v. *Howard,* 123 Cal. 18, [69 Am. St. Rep. 17, 55 Pac. 713]; *Underwood* v. *Tew,* 7 Wash. 297, [34 Pac. 1100]; *Malaby* v. *Kuns,* 3 Ind. 398; *Gorham* v. *Reeves,* 3 Ind. 83; *McCulloch* v. *Dawson,* 1 Ind. 419; *Cunningham* v. *Gwinn,* 4 Blackf. (Ind.) 343, and cases cited in *McCroskey* v. *Ladd, supra.* There are a few cases to the contrary. (*Duncan*

v. *Charles*, 4 Scam. (Ill.) 566; *Sheeren* v. *Moses*, 84 Ill.
448; *Biddle* v. *Coryell*, 18 N. J. L. 377, [38 Am. Dec.
521].) Templeman did not declare a forfeiture, nor take
any steps toward doing so until July, 1906, more than
a year after the last payment became due. He could not,
at that time, put Boone in default as to any of the pay-
ments so as to work a forfeiture, without tendering a con-
veyance of the land. Until Boone was in default there was
no right of forfeiture. He attempted to declare a forfeiture
without tendering a deed. Having, by his conduct, waived
the right of forfeiture for non-payment of the installments
at the precise date of maturity, he could not, after the whole
became due, revive or renew it without previous notice accom-
panied by a tender of a deed. Upon the face of the complaint
we hold that the contract is still subsisting. We find nothing
in the opinion in *Glock* v. *Howard*, 123 Cal. 18, [69 Am. St.
Rep. 17, 55 Pac. 713], in any manner inconsistent with what
is here said. That was a suit against a vendor to recover pur-
chase money paid. The subject of a waiver of the right to
a forfeiture was not involved. We have treated the case upon
the theory that a forfeiture would occur by a mere failure
to pay an intermediate installment, and without awaiting the
lapse of sixty days and giving the notice of election to declare
the whole due, as provided in the contract. As the question
has not been argued and the contract is not set out in full,
we do not wish to be understood as definitely deciding any-
thing to that effect.

On the subject of laches the following statements of Pro-
fessor Pomeroy are pertinent: "When the purchaser has re-
ceived the equitable title, has obtained possession of the land,
has been in the enjoyment of its rents and profits, has paid
the price, and nothing remains to complete the contract except
the conveyance of the legal title, and nothing has happened
which rendered the want of the legal title injurious or detri-
mental to the vendee, a delay in conveying the legal title,
though lasting through many years, and without any excuse of
real difficulty in the way, has been repeatedly held to be no im-
pediment to a decree of specific performance. *The same is true
where the delay has been in completing the payment*, provided
there has been no substantial change in the circumstances
and relations of the parties during the interval, and the inter-

est will constitute not only a theoretical, but an actual compensation for the purchaser's default in payment." (Pomeroy on Contracts, sec. 400.)      The italics are ours.      And again: "If the vendee, therefore, takes and retains possession of the premises with the vendor's consent, his mere delay in bringing a suit, or even in paying the price, will not prevent him from compelling a conveyance upon a subsequent payment or tender of the amount due; nor will his right to the relief be cut off until the vendor places a limit to the lapse of time by a demand of payment at or before a specified day, and a notice that the agreement will be rescinded unless the demand is complied with, and the vendee's default thereon." (Pomeroy on Contracts, sec. 404.)

It is to be observed that these principles apply where time is merely *material* to the contract, and not where it is essential.      Where time was originally essential, but for sufficient cause a forfeiture for default therein has been waived, time ceases to be essential and becomes only material thereafter until the vendor again makes it essential by a proper notice and demand.      In the case at bar, upon the facts shown by the complaint, a forfeiture had been waived, and thereafter time was not essential, but its efflux was a material fact bearing upon the right of Boone to enforce performance by suit.

The defense of laches may be made where the lapse of time is less than the statutory period of limitation, but in such cases it can be maintained only where from the delay and the circumstances there appears either actual or presumptive injury or prejudice to the other party.      (*Cahill* v. *Superior Court,* 145 Cal. 47, [78 Pac. 467]; *Cohen* v. *Cohen,* 150 Cal. 105, [88 Pac. 267]; *Bacon* v. *Bacon,* 150 Cal. 493, [89 Pac. 317].)      This case is submitted to the court upon the statement of the facts made by the vendee in his complaint.      It appears that the vendor, by the contract, is entitled to eight per cent annual interest, and that, at least until the final payment became due, it was payable monthly and compounded monthly.      The contract is not set out according to its tenor, but only in substance and effect.      There is nothing in the facts before the court to indicate that this interest will not fully compensate Templeman for the delay in payment of the principal, or that he has been at all prejudiced thereby. What may be disclosed when the defendant has answered and

the facts developed by a trial may alter the case materially on this point. Upon the complaint alone, we are of the opinion that no laches is shown.

The judgment is reversed.

'Angellotti, J., Sloss, J., Lorigan, J., and Henshaw, J., concurred.