[No. 1510, June 20, 1913.]

LARKIN BECK, Appellee, v. E. R. CHAMBERS, Appellant.

SYLLABUS (BY THE COURT.)

1. A contract for the exchange of land provided "in the event that the party of the first part shall fail to comply with the terms thereof, within the time herein limited, the said second party may at his option declare this contract void, in which event all rights and liabilities hereunder shall

cease and determine." Held that the forfeiture of the contract was made optional with the second party, and if he did not see fit to exercise his option and declare the forfeiture, the contract continued in full force and effect.

P. 60

2. HELD: Further, that a declaration of the fact that the party had elected to exercise his option to cancel the contract should have been made to the first party, and until it was made, the option was not exercised and the contract continued in full force and effect.

P. 60

Appeal from District Court, San Juan County; John R. McFie, Associate Justice; reversed and remanded.

RENEHAN & WRIGHT, Santa Fe, N. M., for appellants.

Trial *de novo* in chancery appeals, in some jurisdictions. 4 Ency. L. & P. 306; Ford v. Land Association, 8 N. M. 67, 68; Torlina v. Torlitch, 6 N. M. 54; Martin v. Brown, 4 Minn. 289; Baker v. Rockabrand, 118 Ill. 370; Allen v. Logan, 96 No. 598; Miller v. Taylor, 6 Colo. 45; Durham v. Coal Co. 22 Kans. 243; Jackson v. Allen, 4 Colo. 268; Siever v. Frink, 7 Colo. 152; Bank v. Newton, 13 Colo. 250; Rittmaster v. Brisbane, 19 Colo. 375-6; Hughs v. Washington, 65 Ill. 247-8; Hegwer v. Kiff, 31 Kans. 441; Jones v. Boyd, 80 N. C. 260; Miller v. Gibbons, 34 Ark. 221; Kelly v. Carter, 55 Ark. 112, 116; 4 Ency. L. & P. 328; Trust Co. v. Seasongood, 130 U. S. 482; 4 Ency. L. & P. 679, 680 and cases cited.

Complaint does not state facts sufficient to constitute a cause of action. Powell v. Dayton S. & G. R. Co,, 14 Ore. 356; Knott v. Stevens, 5 Ore. 235; Rumington v. Kelly, 7 Ohio (pt. 2), 97; Frink v. Thomas, (Ore.), 12 L. R. A. 243 and note; Gregg v. English, 39 Tex. 139; Johnson v. Jackson, 27 Miss. 498.

Court erred in finding that time was of the essence of contract. Rourke v. McLaughlin, 38 Cal. 196; Sigler v. Wilk, 45 Ia. 690; Westervelt v. Huiskamp, 101 Ia. 1909;

39 Cyc. 1367; Barnard v. Lee, 97 Mass. 92; Frink v. Thomas, 12 L. R. A. 239 and note; 39 Cyc. 1369 and cases cited; 39 Cyc. 1384; Boone v. Templeman, 158 Cal. 290; 110 Pac. 947; 139 Am. St. Rep. 126 and note; Thayer v. Meeker, 86 Ill. 470; Toplitz v. Bower, 161 N. Y. 325, 333; Monson v. Bragdon, 159 Ill. 66; 42 N. E. 385; Keator v. Ferguson, 20 S. D. 473; 107 N. W. 678; 129 Am. St. Rep. 947.

Under the evidence presented to the trial court, the trial court, failing to decree specific performance in favor of the defendant, should have reopened the cause for the taking of further testimony in order to place the parties in statu quo. 39 Cyc. 1401 and cases cited. Id. pages 1399 to 1403.

In the event the Supreme Court shall hold that the contract should be rescinded, before final judgment, duty to remand case to District Court for accounting to place parties in statu quo. Secs. 38 and 40, chap. 57, laws 1907; 3 Cyc. 459, 460 and cases cited; Chicago, etc., R. Co. v. Tompkins, 176 U. S. 167.

JOHN R. McFIE, Santa Fe; J. M. PALMER, Farmington, for appellee.

Assignments not argued in the briefs will not be considered. 16 N. M. 479.

Court will not retry case and search for errors not pointed out. Pierce v. Strickler, 9 N. M. 467; Territory v. Mills, 16 N. M. 555.

Errors relied upon must be separately assigned. Bank v. Haverkampf, 16 N. M. 497.

Findings of trial court not disturbed if based on substantial evidence. Irrig. Co. v. McMurray, 16 N. M. 172; Lockhart v. Mining Co., 16 N. M. 223; Current, et al., v. Bank, 16 N. M. 642; Putney v. Schmidt, 16 N. M. 400; Richardson v. Pierce, 14 N. M. 335; Hancock v. Bearsley, 14 N. M. 239.

Appeal court will not review findings of lower court as to weight and credibility of evidence. Hamilton Min. Co. v. Hamilton, 14 N. M. 272; Rody v. Travelers Ins. Co. v.

3 N. M. 543; Ter. v. Hicks, 6 N. M. 596; Patterson v. Hewitt, 11 N. M. 1; Carpenter v. Lindaner, 12 N. M. 388.

Jurisdiction. Errors invited, waived or immaterial are not available on appeal. Gillett v. Chavez, 12 N. M. 353; A. & E. Encyc. Law (2nd Ed.) 610; Encyc. P. & P., vol. 18, 754; Paige on Contracts, 3rd vol., secs. 1360, 1627, 1640; Railroad v. Louisville Trust Co., 174 U. S. 552-567.

Time was essence of the contract. Blood v. Goodrich, 24 Am. Dec. 121; 9 Cyc. 610; Henderson, et al., v. Mc-Fadden, et al., 112 Fed, 389; 9 Cyc. 607; Wiswall v. Barbour, (N. Y. 270.)

Court will not reverse where substantial justice has been done. Pearce v. Strickler, 9 N. M. 467.

Court will examine record to ascertain whether the findings are sustained by a preponderance of evidence. Ford v. Land Association, 8 N. M. 67-68; Gallup Elec. L. Co. v. Pacific Improvement Co., 16 N. M. 86; 113 Pac. 848.

Jurisdiction. C. L. 1897, sec. 2685, sub-sections 84, 85 and 94. Stansbury v. Stansbury, 118 No. App. 427; Custy v. City of Lowell, 117 Mass. 78.

Time was not of essence of the contract. Noyes v. Schlegel, 9 Cal. App. 516; 99 Pac. 726; Peck v. Coyle, 125 Pac. 1073, (Cal.); Sherman v. Leveret, 1 Root, 169, (Conn.); Johnson v. Higgins, 108 N. W. 168, (Neb.); Van Vraken v. Cedar Rapids, etc., R. R. Co., 55 Ia. 135; Vendor and Purchaser, 20 Dec. Digest, sec. 76, sec. 187; 48 Century Digest, secs. 121, 374, 375.

Trial court failed to find necessary ultimate facts to sustain judgment. Luna v. Cerillos Coal R. Co., 16 N. M. 71; 113 Pac. 831; C. L. 1897, sec, 2999; Burr v. R. R. and Navigation Co., 1 Wall. 102; McClure v. U. C., 116 U. S. 151; Saltonstall v. Birtwell, 150 U. S. 418.

### STATEMENT OF FACTS.

This suit was instituted in the District Court of San Juan County to cancel a contract for the exchange of real estate, entered into by the parties to this action on the 12th day of February, 1909, by the terms of which ap-

pellee was to convey to appellant certain real estate, situate in San Juan County, New Mexico, in exchange for real estate owned by appellant in the state of Colorado, which was to be conveyed to appellee. By the contract it was provided:

"Abstracts of title showing title in fee, subject merely to the incumbrances aforesaid, shall be furnished the respective parties hereto to patented land within 30 days from date, and to the pasture land within 6 months from date, within which time the said exchange shall be completed, when each of the parties shall, by good and proper deeds, convey the aforesaid properties belonging to him unto the other as hereinbefore agreed.

"In the event that the party of the first part shall fail to comply with the terms thereof, within the time herein limited, the said second party may at his option declare this contract void, in which event all right and liabilities hereunder shall cease and determine."

Appellant, under the contract, was to have immediate possession of the land to be conveyed to him, and he entered thereon and expended more than $1000.00 in permanent improvements. Appellee was not to have possession of the real estate to be conveyed to him, nor to receive the rents and profits thereof, until March 1, 1910.

On August 7, thereafter, neither party having complied with the terms of the contract, relative to furnishing abstracts of title, the following agreement was indorsed upon the contract:

"Aug. 7, '09. It is hereby agreed between the parties to this contract the time is hereby extended 60 days from date of same.

(Signed) "E. R. Chambers,
(Signed) "Larkin Beck."

The extended time for compliance, it will be observed, expired on October 6th. On October 11th, however, appellee orally agreed that appellant should have a further extension of time to November 1st.

From the evidence it appears that on November 1st, appellant submitted to appellee an abstract of title to the

lands which he was to convey; that appellee, after exam-
ination, pointed out three or four alleged defects in the
title.   Thereupon appellant agreed that he would go to
Pagosa Springs, Colorado, at once, and have the abstract
corrected in the particulars named.   There was some con-
flict in the evidence as to the exact conversation between
the parties at this time, appellant testifying that ap-
pellee told him to go ahead and have the corrections made,
but to be in a hurry; while appellee testified, "I told him
I did not believe it would go through and he oughtn't to
go."   Appellant, however, went to Pagosa Springs and
had the corrections made, and on the 11th of November
deposited with the escrow holder, designated in the con-
tract, the abstracts of title and deeds of conveyance and
other papers.   On the 29th of the same month appellee
and his attorney called at the bank where the papers were
deposited, examined them, and on the next day appellee
served upon the appellant the following notice, viz:

"Farmington, N. M., Nov. 30th, 1909.
"Earnest R. Chambers, Esq.,
    "Fruitland, N. M.
"Sir:  You are hereby notified that you have defaulted
in the terms of the contract dated February 12th, 1909,
in the matter of our exchange of lands and you are now
given written notice of my intention to declare the said
contract void.
"You are hereby further notified to remove from my
land in Fruitland, N. M., and deliver possession of the
same to me or I will take immediate legal proceedings to
regain possession thereof.
"I claim no rights under the contract over any lands of
yours therein named.
(Signed)   "Larkin Beck."
Appellant refused to vacate the land, possession of
which he had taken under the contract, and insisted that
the contract be performed by appellee, and this suit was
instituted by appellee to cancel the contract and for a
mandatory injunction against appellant to oust him from
the land.   After hearing had, the court made findings of

fact and stated conclusions of law, and entered judgment for appellee, cancelling said contract. From such judgment this appeal is taken.

## OPINION OF THE COURT.

ROBERTS, C. J.—This is a suit in equity to forfeit and cancel a contract for the exchange of land, where the defendant in the court below, appellant here, in apparent good faith, entered into possession of the land, which he was to obtain title to under the contract, as was his right thereunder, and made valuable and lasting improvements. The general rule is that a court of equity will not enforce a forfeiture, if by any reasonable rule of construction it can avoid it. Where, however, time of performance is of the essence of the contract, and a forfeiture is provided for by the contract, either expressly or by necessary implication, a default in performance within or at the time specified entitled the party for whose benefit the provision was inserted, to a forfeiture of the contract, in accordance with the terms of the contract.

In this case, the trial court, by its finding of fact numbered 2, found that time was of the essence of the contract, and that, as the contract remained unperformed, on the first day of November, 1909, it was discharged. By its third finding it found "That the said contract became by operation of law and the exercise of the option of the said Larkin Beck, fully discharged, null and void, and that all rights and liabilities arising thereunder ceased and determined before the commencement of this action.

It would appear that the above so-called findings are in reality mixed findings of fact and conclusions of law, and that there is an apparent conflict between them, because the first stated finds that time is of the essence of the contract, and, as said contract was not performed on the 1st day of November, 1909, it became *ipso facto* null and void, while the third finding or conclusion is, that the contract became null, void and discharged because of the exercise by appellee of his option to forfeit the same. It must be conceded, however, that if the conclusion

drawn in either finding be correct, the judgment can-
celling the contract must be sustained, for on either as-
sumption the appellee would be entitled to recover.

Conceding, without deciding that time was of the es-
sence of the contract, as stated in the second finding,
does it follow that, because the contract remained un-
performed on the 1st day of November, it was dis-
charged? The contract did not provide for its nullifica-
tion by the mere failure of performance on the part of
appellee within the time stipulated. Its forfeiture was
made optional with the appellee, and if he did not see fit
to exercise his option and declare the forfeiture, the con-
tract continued in full force and effect. Van Dyke and
Drew v. Cole, 81 Vt. 379.

And a declaration of the fact that appellee had elected
to exercise his option should have been made to the
appellant, and until it was made, the option was not
exercised and the contract was not annulled, but con-
tinued in force. Coles v. Shepard, 30 Minn. 446. This
being true, the contract was not terminated on the 1st
day of November, by its own force, and as the appellee
did not elect to declare a forfeiture until the 30th day of
the month, it necessarily follows that during the interven-
ing time the contract was valid and binding upon bot'*
parties. The undisputed evidence shows that prior to the
30th of the month the appellant deposited with the desig-
nated escrow holder the papers called for by the original
contract, and having so deposited said papers, prior to the
forfeiture of the contract, appellant had complied with
his part of the contract. This being true, appellee could
not forfeit the contract, but necessarily was required to
comply on his part.

It could hardly be contended that the conversation
which occurred on the 1st of the month, even if appellee's
version of it be admittedly correct, would be sufficient to
effect a forfeiture of the contract. He testified, "I told
him I did not believe it would go through and he oughtn't
to go." It would certainly require a positive and specific
declaration that appellee did not intend to be further

bound by the contract, and the language used could not reasonably be construed as the exercise of appellee's option to declare the contract void; nor does appellee insist, as we understand his contention, that this language amounted to the exercise of his option, for his counsel say, in their brief, "It may be, and doubtless is true, that when appellant showed appellee his abstract of title November 1st, and Beck called his attention to the defects in it, and Chambers admitted the defects and said he would have them corrected, that in some loose conversation between them, Beck may have given Chambers to understand that if he deposited in the bank perfect abstracts of title and deeds conveying a fee simple title, he would still carry out the trade."

Another principle, supported by numerous adjudicated cases, might be invoked, were it necessary, in support of appellant's insistence that the contract was valid and in full force and effect at the time he deposited his papers in escrow, viz: If the stipulation which makes the time of payment essential be not absolute that the contract shall be *ipso facto* void upon default in payment at the time, but its object and language are to give to the vendor his election and power to put an end to the agreement upon the vendee's failure in paying or performing at the appointed day, then the vendor, if he intends to avail himself of the provision, must give the purchaser a timely and reasonable notice of his intention to avoid the contract, or must do some unequivocal act which unmistakably shows that intention, for the vendor can not treat the default alone as terminating the agreement. Pomeroy on Contracts, sec. 393. The principle is supported by adjudicated cases in Iowa, Minnesota and Illinois, which will be found cited in the note to the above section.

Again, should we assume that the contract was to become *ipso facto* null and void, upon failure to perform within the time stated, it might reasonably be held that appellee had waived strict compliance as to time, by his repeated extensions and subsequent conduct. Boone v.

Templeman, 158 Cal. 290, 110 Pac. 947; 139 Am. S. R.
126. And the right may be waived by extensions of time
or indulgences granted the purchaser. Douglas v. Hanbury,
56 Wash. 63, 134, A. S. R. 1096.

Appellee, according to his own testimony, on the 29th
of November, went to the bank and examined the papers
deposited there by appellant, and further said that he
would have carried out the contract had he found the
papers correct and in proper form. This conduct, coupled
with appellant's statement, that appellee told him to go
to Pagosa Springs and secure the correction of his title
papers, clearly evidences that appellee did not intend to
rely upon the forfeiture of the contract because of appel-
lant's failure to perform on the 1st day of November.
This being true, he could not set up the delay or default
as creating a forfeiture without giving appellant notice
of his intention and allowing him a reasonable time with-
in which to perform. Boone v. Templeman, supra; 39
Cyc. 1384.

Therefore, upon either view it will be seen that the find-
ings of fact and conclusions of law were erroneous. Coun-
sel for appellee suggest in their brief that the abstract of
title presented by appellant and the deeds executed by
him were deficient; that the abstracts failed to show a
perfect title, in fee simple in appellant, and that he had
failed to prepare the deed in conformity with the con-
tract. It is a sufficient answer to this contention to point
out that the findings do not show such facts. The facts
found were that the contract remained unperformed on
November 1st; that no further legal extension of the con-
tract was made, and not that the abstract submitted and
deeds tendered were deficient. The findings of fact made
by the trial court "must be of the ultimate facts which
the evidence is intended to establish, sufficient in them-
selves, without inference or comparison, or the weighing
of evidence, to justify the application of legal principles
which must determine the case." Luna v. Coal R. R. Co.,
16 N. M. 71 and cases cited. Should this court consider
the question suggested by appellee, as to the defects in

the abstract of title and deeds of conveyance, we would be required to search the record and decide a question which was not considered by the trial court.

Other grounds for reversal are urged by appellant, but in the view we take of the case it is not necessary for us to consider them.

For the reasons stated the judgment of the lower court is reversed and the cause is remanded, with directions to set aside the judgment and to proceed in accordance with this opinion, and it is so ordered.

