[Civ. No. 5937. First Appellate District, Division Two.—September 13, 1927.]

ROY MILLS et al., Respondents, v. GEORGE W. GARNER, Appellant.

Richard S. Miner and White Smith for Appellant.

Swallow & Richards, A. H. Swallow and Robert Richards for Respondents.

WARNE, J., *pro tem.*—This is an action to quiet title to certain real property in Inyo County, together with

certain shares of the capital stock of Bishop Creek Ditch Company, a corporation, and the waters for irrigation of said land represented by said shares and furnished to said land by said corporation. Judgment passed for plaintiffs and the defendant appeals from the judgment and the order denying the motion for a new trial.

Under date of March 20, 1922, the parties to this action entered into a written contract for the purchase and sale of said property and defendant paid to plaintiffs the sum of fifteen hundred dollars upon the purchase price. The balance of the purchase price was to be paid on or before January 1, 1924, and the contract further provided:

"The parties of the first part agree that when the second party shall pay or cause to be paid, the balance due, then they will make a good and merchantable deed to second party with an abstract, showing said property free of all debts and incumbrances except such expenses as might arise under the water settlement which is now under negotiation which second party agrees to assume.

"The party of the second part agrees to make the payments as they shall become due and all taxes and interest that shall become due and in case that he shall fail or refuse to make such payments as they become due, then to forfeit all money paid and improvements made, and said property, and first parties to have immediate possession and ownership in said property restored in full. But if first parties shall receive payment in full the second party shall keep all the covenants and conditions, then said deed to be executed as herein set forth."

The defendant answered, setting up the contract of sale, and alleged an offer to fully perform according to the terms of the contract on his part, but inability and refusal to perform on the part of the plaintiff. The court, after finding all of the allegations of plaintiffs' complaint to be true and that defendant's claim was invalid and groundless, found that plaintiffs had duly performed and fulfilled all and singular the terms and conditions on their part to be performed and to be fulfilled of the contract " . . . but that defendant has not performed or fulfilled any of the terms or conditions of said contract on his part to be performed and fulfilled and by reason whereof said contract is no longer in force and effect and that the real and personal property

therein described was not subject to the terms and conditions of the contract.''

Nothing was done on January 1, 1924, by either party, that is, plaintiffs did not tender a deed and abstract to defendant and demand payment nor did defendant pay or tender to plaintiffs the balance due under the contract. On March 17, 1924, plaintiff Mills notified the defendant in writing that he (defendant) was in default under his contract and, accordingly, that plaintiffs had canceled and rescinded the agreement. The defendant did not respond to this notice and the plaintiffs took no further action until April 18, 1924, when they tendered to defendant a deed and abstract and made written demand for the payment of the balance due under the contract. The demand was not complied with and the plaintiffs commenced this action on April 25, 1924.

It is admitted that the balance due on the purchase price of the property has not been paid.

Defendant contends that the evidence is insufficient to support the findings and that the decision and judgment is against law on the theory that the delivery of the deed and abstract and the payment of the balance due on the purchase price were dependent and concurrent conditions, and in support of this contention he cites the case of *Kerr* v. *Reed,* 187 Cal. 411 [202 Pac. 142], and cases cited therein, where the supreme court announced that it was thoroughly established that when the final payment comes due under a contract in which time is of the essence of the contract, the obligation to make the payment and the obligation on the part of the vendor to make a deed are dependent and concurrent conditions.

We fail to see wherein the rule as announced in *Kerr* v. *Reed, supra,* is applicable to the case at bar. Conceding that the contract was not terminated on January 1, 1924, by reason of the plaintiffs having failed to tender the defendant a deed and abstract to the property, nevertheless the defendant was placed in default by the affirmative action of the plaintiffs in tendering defendant a deed and abstract on April 18, 1924, and demanding payment of the balance due. The contract was terminated by the failure of the defendant to perform after notice. (*Boone* v. *Templeman,*

158 Cal. 290 [139 Am. St. Rep. 126, 110 Pac. 947]; 25 Cal. Jur. 618.)

The defendant was offered every reasonable opportunity to pay but failed to do so. The evidence clearly shows that he was at no time ready, able, or willing to pay the balance of the purchase price. The findings are amply supported by the evidence and the decision and judgment are not contrary to the law.

The appellant also contends that the court committed error in sustaining plaintiffs' objection to the following questions: ''Were you ready and able to perform that contract with Mr. Mills on the 1st day of January, 1924, on the day provided in the contract? And when the contract was made by yourself and Mr. Mills, was it your understanding of that contract that it would be mutual and concurrent and that the abstract was to come at the same time the money was paid?'' The trial court properly sustained the objections to these questions on the ground that the same called for the conclusions of the witness.

No other points appear worthy of discussion.

The judgment and order are affirmed.

Koford, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 10, 1927.