[Civ. No. 6594. First Appellate District, Division Two.—November 22, 1928.]

THE SAN FRANCISCO BANK (a Corporation), Respondent, v. NATIONAL RADIO COMPANY (a Corporation) et al., Defendants; JESSIE S. GREGORY, Appellant.

Grant & Zimdars, Joseph M. Trusty and George M. Naus for Appellant.

Hugh Goodfellow, Stoney, Rouleau, Stoney & Palmer, Royal E. Handlos and Bradford W. Bosley for Respondent.

BURROUGHS, J., *pro tem.*—This is an action upon a promissory note and to foreclose a real estate mortgage given to secure the payment of said note. Plaintiff had judgment, and the defendant, Jessie S. Gregory, appeals therefrom.

The note and mortgage in suit were executed September 22, 1922, by the defendant National Radio Company, a corporation, in the principal sum of $30,000.

Immediately after the execution thereof the said National Radio Company executed a deed of trust of the property described in said mortgage, in favor of the defendant Jessie S. Gregory, to secure a loan in the sum of $17,500. Thereafter said property was sold by virtue of the terms of said deed of trust and title passed to said Jessie S. Gregory, subject to the prior lien of plaintiff's mortgage.

In appellant's opening brief appears the following statement: "The only question presented by this appeal relates to the reasonableness of the allowance of $3600.00 as and for attorney's fees allowed to plaintiff in connection with the enforcement of plaintiff's rights under the mortgage."

Amplifying the foregoing statement by the record in this case, it appears that the trial court allowed to the plaintiff an attorney fee of $2,000 in litigation affecting the title to the mortgaged premises, and the further sum of $1,600 as and for the services of plaintiff's attorney in this foreclosure suit.

The mortgage contains a provision that if during the existence of the mortgage there be commenced or pending any suit or action affecting the premises described therein, or if any adverse claim for or against the premises, or any part thereof, be made or asserted, the mortgagee might appear in said suit or action and retain counsel therein and defend the same or take such other action as it might be advised, and for said purposes might pay and expend such sums of money as it might deem necessary, and all sums of money expended should bear interest at the rate of one per cent per month and should be secured by the mortgage and be a lien upon the mortgaged property and deducted from the proceeds of any sale thereof.

In accordance with the foregoing provision of said mortgage, the commencement of an action affecting the mortgaged premises and the title thereto, in which action this plaintiff was made a party defendant, and the necessity for the plaintiff to retain counsel and appear therein, is alleged in the complaint. There is then set forth in appropriate language allegations of services rendered in said action covering a period of several months and including proceedings and hearings in the superior court, the district court of appeal and the supreme court of the state of California. It is further alleged that plaintiff expended in the defense of said action the sum of $2,000 as counsel fees and that no part thereof nor the interest thereon has been repaid to plaintiff.

The answer herein does not deny the rendition of the services in said action, but does deny that the charges therefor are proper or a lien upon the premises set forth in the mortgage, and further alleges that any sum for said services in excess of the sum of $500 would be excessive.

No authorities are cited in support of appellant's position. The evidence shows that plaintiff did pay its attorneys for services in said action the sum of $2,000, and, under the express terms of the mortgage any sum so paid and which

this plaintiff "might deem necessary" was a proper charge against the mortgaged premises. Such a condition in a mortgage is analogous to provisions for the payment of taxes, insurance and other charges. So far as the value of the services rendered in said action are concerned, there is no evidence in the record except the undenied allegations of the complaint, and from a review thereof we cannot say the sum of $2,000 paid by the plaintiff was in excess of the value of the services rendered.

Appellant also argues that said expenditure was covered by title insurance, but this claim is answered by the fact that the insurance company is not a party to this action, nor a party to the mortgage contract by which the mortgagor expressly agreed to repay the mortgagee any sum of money so expended.

It is also claimed by appellant that the allowance of $1600 to plaintiff as an attorney fee for services rendered in this action is excessive and that said services were not worth more than the sum of $500. The provisions of the mortgage bearing upon this subject are that the court may allow as counsel fees the sum of $100 and also a sum equal to five per cent upon the amount found due. By the decree in this case the court found the amount to be due plaintiff was the sum of $38,774, making the amount allowed as an attorney fee less than that provided for by the terms of the mortgage itself. However, it is well settled that such allowance within the limits fixed by the mortgage itself is peculiarly a matter resting in the discretion of the trial court and will not be disturbed upon appeal except for an abuse of that discretion. (*Huber* v. *Shedoudy*, 180 Cal. 311 [181 Pac. 63]; *Damon* v. *Quinn*, 143 Cal. 75 [76 Pac. 818].) There being no abuse of the discretion of the court shown, the point is without merit.

Counsel for respondent insists that this appeal is frivolous and the court should impose a fine upon appellant, but we are of the opinion that the case is not one in which the court should impose a penalty.

The judgment is affirmed.

Sturtevant, J., and Nourse, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 18, 1928.