[Civ. No. 16494. Second Dist., Div. One. Dec. 16, 1948.]

CHIN OTT WONG et al., Respondents, v. TITLE INSURANCE AND TRUST COMPANY (a Corporation) et al., Appellants.

Anthony H. Mauer, Arch H. Vernon, Earl E. Johnson and Gilbert E. Harris for Appellants.

Harry M. Irwin for Respondents.

DORAN, J.—This is an appeal from the judgment.

The action is the result of an agreement for the purchase and sale of real estate in connection with which it is alleged that "time was of the essence" of the agreement and the buyer having defaulted, plaintiff claims the ownership of a certain amount paid by the buyer on account of the transaction.

There is no dispute as to the facts. The record reveals that in the original action the Title Insurance and Trust Company was the only defendant. The complaint in count I is for money had and received; count II alleges the agreement, the default of the buyer, the demand and the usual incidental allegations.

The motion of the Title Insurance and Trust Company before answer, under the authority of section 386 of the Code of Civil Procedure, to substitute Melvin E. Vaughan, Sr., and Rozelle Rainey Vaughan as defendants, was granted.

At the trial motions for a summary judgment by plaintiff and a nonsuit by defendants Vaughan were denied. The evidence consisted of the testimony of one witness from the title company and the exhibits, consisting of the agreement, the escrow instruction, etc. Judgment was for plaintiff from which defendants Vaughan and the Title Insurance and Trust Company appeal.

The Title Insurance and Trust Company takes the following position as its brief recites:

"This appellant is only a nominal party to the action, and not concerned with the merits of the controversy between plaintiffs and defendants Vaughan. If the judgment is affirmed as to appellants Vaughan (no judgment was rendered as to appellant Collins, as he disclaimed), it should be affirmed as to this appellant; if reversed as to defendants Vaughan, it should also be reversed as to this appellant, so that the rights of all the parties can be determined at the retrial of the action."

Appellants Vaughan contend in substance that the findings are not supported by the evidence.

The record reveals that plaintiff and Vaughan entered into an agreement by the terms of which plaintiff agreed to sell and Vaughan to buy certain real estate. An escrow

was opened with the Title Insurance and Trust Company on April 29, 1946; instructions signed by the buyer and seller were deposited in the escrow. On May 10, 1946, an agreement relating to the transaction duly signed by plaintiff and M. E. Vaughan, Sr., and "Rozelle R. Vaughan, his wife," was deposited in the escrow.

The escrow instructions include the following:

"Time is of the essence of these instructions. If this escrow is not in condition to close by May 29, 1946, any party who then shall have fully complied with his instruction may, in writing, demand the return of his money and/or property; but if none have complied, no demand for return thereof shall be recognized until five days after the escrow holder shall have mailed copies of such demand to all other parties at their respective addresses shown in the escrow instructions. If no such demand is made, close this escrow as soon as possible."

The instructions signed and filed by the parties on May 29, 1946, were on a printed form, and the foregoing excerpt, with the exception of the date, is printed. Supplemental instructions signed by the parties were deposited in escrow on May 9th and May 14th.

Defendant Vaughan paid into the escrow the following sums on the following dates: April 29th, $1,500; May 1st, $3,500; May 15th, $77.45; July 1st, $5,000, totaling $10,077.45. The contract provided that the total purchase price amounting to $176,254.15 was to be paid into escrow by May 29th; that a promissory note secured by a trust deed on the property sold represented $141,254.15 payable in yearly installments of $30,000, the first one of which was to be paid May 10, 1947. Under the terms of the agreement $25,000 was due before the escrow could be closed and the transaction completed.

The action herein was filed August 27, 1946.

The complaint alleges:

"That on June 18, 1946, defendant informed and notified Melvin E. Vaughan, Sr., in writing that, upon the receipt by the defendant of the remainder of the money which Melvin E. Vaughan, Sr., had agreed in and by said contract to pay to defendant in said Escrow, viz.: the sum of $30,000, defendant could issue its usual form standard policy of title insurance showing title to said real property and spur track easement vested in Melvin E. Vaughan, Sr., subject only to said deed of trust and taxes thereon for the fiscal year 1946-1947 and

demanded of Melvin E. Vaughan, Sr., payment to defendant in said Escrow of said sum of $30,000; and that on said date and at all times thereafter defendant could and now can issue said policy of title insurance upon the payment by Melvin E. Vaughan, Sr., to defendant in said Escrow of the total sum of $35,077.45 which Melvin E. Vaughan, Sr., agreed in and by said contract to pay to defendant in said Escrow.

. . . . . . . . . . . . . . .

"That prior to the commencement of this action, to wit: on June 18, 1946, and frequently and repeatedly thereafter, plaintiffs demanded of Melvin E. Vaughan, Sr., payment to defendant in said Escrow of said total sum of $35,077.45; but that Melvin E. Vaughan, Sr., failed, neglected and refused to pay, and still fails neglects and refuses to pay, to defendant in said Escrow or at all said total sum of $35,077.45 or any sum whatever except only that Melvin E. Vaughan, Sr., paid to defendant in said Escrow the total sum of $10,077.45."

On August 29th, the Title Insurance and Trust Company notified defendant Vaughan by letter that suit had been filed against the company demanding the money in escrow amounting to $10,077.45 and asked to be advised regarding the escrow. Vaughan replied by letter the next day and asked that the matter be held "in abeyance" until the return on September 3d of Vaughan's attorney.

The defendant Vaughan's answer is a general and specific denial and also sets up six separate affirmative defenses.

It is respondents' contention that, " 'Time is the Essence' was not waived and no extension of time for payment was agreed to or made." Also that "Such waiver of extension cannot be raised or considered on this appeal.

"Appellants did not plead any waiver of 'Time is of the essence' or any extension of time for performance by Vaughan of his contract obligation to pay said money purchase consideration.

"*No such waiver or extension was alleged in appellants' answer or raised at all in the trial court.*" (Emphasis included.)

It is further contended by respondents that, "It is well established that appellants cannot raise on appeal and that an appellate court will not consider any matter of defense which was not pleaded or raised in the trial court."

Respondents' contention is without merit.

It is evident from the foregoing excerpts from the record that the complaint fails to state a cause of action.

As noted therein the escrow was opened on April 29th and the "Time is the essence" condition upon which respondent relies determined May 29th as the limit within which the agreement was to be performed by both parties. That such a condition is valid and enforcible unless modified or abandoned there can be no question. The complaint however alleges the following:

"That in April and May, 1946, plaintiffs and Melvin E. Vaughan, Sr., entered into and executed a contract in writing wherein and whereby plaintiffs agreed to execute and deliver to defendant in defendant's Escrow No. 2408506 a deed granting to Melvin E. Vaughan, Sr., subject only to taxes thereon for the fiscal year 1946-1947, the real property and the spur track easement in the City of Vernon, County of Los Angeles, State of California, and to incorporate therein the spur track agreement, particularly described as follows:

. . . . . . . . . . . . . . . . . .

". . . and wherein and whereby Melvin E. Vaughan, Sr., agreed to pay therefor and in consideration thereof to defendant in said Escrow on or before May 29, 1946, the sum of $176,254.15 . . . .

"That in and by said contract plaintiffs and Melvin E. Vaughan, Sr., agreed and instructed defendant to endorse interest on said trust deed note paid to the date of the close of said Escrow; *and that thereafter, on July 15, 1946,* plaintiffs and Melvin E. Vaughan, Sr., agreed and on or about said date Melvin E. Vaughan, Sr., executed and delivered to defendant amended instructions in writing wherein and whereby Melvin E. Vaughan, Sr., revoked and cancelled said instruction to endorse interest on said trust deed note paid to date of close of Escrow and, in lieu thereof, directed defendant to endorse interest on said trust deed note paid to June 18, 1946;

"That in and by said contract plaintiffs and Melvin E. Vaughan, Sr., agreed and instructed defendant that, when defendant obtained said deed executed by plaintiffs and said note and said deed of trust executed by Melvin E. Vaughan, Sr., as aforesaid, and when defendant could issue its usual form standard policy of title insurance showing title to said real property and spur track easement vested by said deed by Melvin E. Vaughan, Sr., subject only to said deed of trust and taxes thereon for the fiscal year 1946-1947, defendant should record said deed and said trust deed and

deliver to plaintiffs said promissory note and said total sum of $35,077.45; . . . ."

It will be seen from the foregoing that plaintiff's complaint affirmatively shows that the transaction was still pending with plaintiff's approval on July 15th which is long after May 29th the date originally agreed upon by the parties within which the agreement was to have been performed. The complaint contains no allegation that a later and different date was agreed upon by the parties to which the "Time is of the essence" condition was to apply. In the circumstances the absence of such an allegation renders the complaint fatally defective. Such a defect is not cured by the lack of an affirmative defense in the answer. The order overruling defendant Vaughan's demurrer to the complaint was error.

It is well settled that "Where time is made of the essence of the contract for the payment of money and this covenant has been waived by the acceptance of money after the same is due, with knowledge of the facts, such conduct will be regarded as creating such a temporary suspension of the right of forfeiture as could only be restored by giving a definite and specific notice of intention to enforce it." (*Boone* v. *Templeman,* 158 Cal. 290 [110 P. 947, 139 Am.St. Rep. 126]. See also *Stevinson* v. *Joy,* 164 Cal. 279 [128 P. 751]; *Hoppin* v. *Munsey,* 185 Cal. 678 [198 P. 398]; *Leballister* v. *Morris,* 59 Cal.App. 699 [211 P. 851]; *Weatherbee* v. *Sinn,* 73 Cal.App. 98 [238 P. 134]; *Burmester* v. *Horn,* 35 Cal.App. 549 [170 P. 674]; and *Pearson* v. *Brown,* 27 Cal.App. 125 [148 P. 956].)

In *American-Hawaiian Eng. Co.* v. *Butler,* 165 Cal. 497 at page 519 [133 P. 280, Ann.Cas. 1916C 44], the following appears: "Furthermore, the time of performance even when it is made of the essence, if it is once waived, sets the matter at large, and another date for performance can only be fixed by a definite notice, or by conduct equivalent thereto. (*Boone* v. *Templeman,* 158 Cal. 297 [139 Am.St.Rep. 126, 110 P. 947].)"

The only concrete evidence of a demand by plaintiff after July 15th is the within action. The allegation that "plaintiffs demanded of Melvin E. Vaughan, Sr., pay to defendant (Title Insurance and Trust Company) in said escrow of said total sum," is denied in the answer and no evidence was offered in support of the allegation.

The complaint does not state a cause of action and there is no evidence to support the findings.

For the foregoing reasons, the judgment is reversed and the cause remanded.

York, P. J., and White, J., concurred.

A petition for rehearing was denied January 4, 1949, and respondents' petition for hearing by the Supreme Court was denied February 10, 1949. Carter, J., voted for a hearing.