[Civ. No. 5463. Fourth Dist. July 17, 1957.]

DIEGO CIULLA et al., Plaintiffs and Appellants, v. EMIL RAYMOND TELSCHOW et al., Defendants and Appellants.

598

Sankary, Sankary & Weathers and Morris Sankary for Plaintiffs and Appellants.

Swing, Scharnikow & Staniforth and Robert O. Staniforth for Defendants and Appellants.

MUSSELL, J.—This is an action for foreclosure of a first deed of trust and for reformation of a second deed of trust and note secured thereby on the same real property. The trial court denied the foreclosure, reformed the second promissory note so as to provide for the payment of interest from December 15, 1953, instead of from August 1, 1956, as provided in said note. The court also denied plaintiffs' prayer for attorneys' fees. Plaintiffs appeal from that part of the judgment denying their prayer for attorneys' fees and defendants appeal from the judgment insofar as reformation of the second promissory note is decreed therein.

Plaintiff Diego Ciulla and his son, William, were the owners as joint tenants of a four-unit apartment building in the city of San Diego. Diego Ciulla, aged 71 years, had less than one school year of formal education and immigrated to the United States from Sicily when he was approximately 21 years old. He testified at the trial he could not read and write ''like you people that go to school''; that he was introduced to defendant Charles A. Northcutt by a mutual friend and had several discussions with Northcutt relating generally to the terms and conditions of the sale of the apartment building to Northcutt. Thereafter, on or about December 15, 1953, Diego Ciulla and Northcutt went to the Union Title Insurance and Trust Company in San Diego to execute escrow instructions and the necessary documents for the sale of the property to Northcutt for the sum of $18,000. Diego Ciulla testified that he understood and it was agreed that there would be one trust deed and not two, and that the trust deed and note would bear interest from December 15, 1953, the date it was executed. However, pursuant to escrow instructions, defendant Northcutt paid $500 cash and executed a first deed of trust on the apartment building and on other property, securing a promissory note

for $4,500. This deed of trust and note were payable $150 per month, including interest at 6 per cent for the first year, and at the rate of $175 per month for the second year, beginning February 1, 1955. A second note and deed of trust were given by Northcutt to Ciulla for the balance of the purchase price of $18,000, to wit, the sum of $13,000. This second note, by its terms, was payable at the rate of $175 per month, with interest at the rate of 6 per cent per annum from July 1, 1956, payments including principal and interest to begin on August 1, 1956, and to continue thereafter until the note was paid in full. In this connection Diego Ciulla testified that he did not know until he started foreclosure proceedings that the second note did not provide for the payment of interest until 1956.

The trial court found that the provision waiving interest on the second note until July 1, 1956, was caused to be entered into the second note by the act of defendant Northcutt; that plaintiffs were induced to accept said note by the representations of defendant Northcutt that said note was drawn in accordance with the agreement of the parties; that said representation was false and was made by Northcutt with intent that plaintiffs rely thereon; that the agreement and note, when reduced to writing, did not embody the true agreement as to the interest to be paid on said second note; that the plaintiff Diego Ciulla has an extremely limited ability to read and write the English language and that his failure to comprehend said portion of the note at the time of his acceptance thereof was a mistake reasonable and excusable under the circumstances. These findings are supported by substantial evidence and the inferences reasonably to be drawn therefrom by the trial court sufficiently support the judgment of reformation of the second promissory note. (*Berniker* v. *Berniker*, 30 Cal.2d 439, 444 [182 P.2d 557]; *Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689].)

■ In *Arsenian* v. *Meketarian*, 138 Cal.App.2d 627, 631 [292 P.2d 293], it is held:

"The rule is that the proof of mistake should be clear, convincing and satisfactory to the court—and that means the trial court—but a mere conflict of the testimony as to a mistake does not require the denial of relief, and the decision of the trial court upon such conflict of evidence is conclusive upon the appellate court. [Citations.]

■ "Direct evidence is not indispensable, it being sufficient if the circumstances proved are sufficient to convince

a reasonable person that there was a mistake in drawing the instrument, and to show clearly of what such mistake consisted, although no witness testifies to personal knowledge of how it occurred. (22 Cal.Jur. 742; *Owsley* v. *Matson,* 156 Cal. 401, 407 [104 P. 983].)'' (See also *Vecki* v. *Sorensen,* 127 Cal.App.2d 407, 414 [273 P.2d 908].)

In *Van Meter* v. *Bent Const. Co.,* 46 Cal.2d 588, 594 [297 P.2d 644], it is held:

''It is settled that, even in the absence of any misrepresentation, the negligent failure of a party to know or discover facts as to which both parties are under a mistake does not preclude rescission or reformation because of the mistake.''

Section 3399 of the Civil Code provides that a contract may be revised when through a mistake of one party, which the other at the time knew or suspected, the contract does not truly express the intention of the parties. The evidence here is sufficient to support the inference that Northcutt knew that the second note did not express the intention of the parties as to when the payment of interest was to commence. It does not reasonably appear that plaintiffs would forego the payment of interest on $13,000 for over two years under the circumstances shown.

The next question is whether the trial court erred in refusing to allow plaintiffs to recover attorneys' fees in the foreclosure action. As noted herein, the foreclosure was denied by the trial court. The evidence shows that the notes involved provide for the payment of a reasonable sum as attorneys' fees if suit was commenced or an attorney employed to enforce payment thereon and that defendants were in default as to some of the monthly payments when the action was filed. However, the evidence also shows that prior to the submission of the cause for decision by the court all sums due under the contract were deposited in court by the defendants; that in the fall of 1954, and before this action was filed, defendants had the cash to pay up all delinquencies but plaintiff Diego Ciulla told them to ''let it ride''; that they needed the money; that he was going to buy the first trust deed on the apartment property and bring up all their taxes and help them out. The court found in this connection that the defaults of the defendants in the performance of said promissory note and deeds of trust were cured prior to the judgment herein and that plaintiffs were not entitled to attorneys' fees. This finding is supported by substantial evidence. In *Atkinson* v. *Pacific Fire*

*Extinguisher Co.*, 40. Cal.2d 192, 194 [253 P.2d 18], it is held that where an obligee condones delay in periodic performance strict compliance thereafter is waived. ■ In *Talbot* v. *Gadia*, 123 Cal.App.2d 712, 719 [267 P.2d 436], the court said:

"Even assuming that it must be held that the note was payable one day after date, and that respondent was in default, it does not necessarily follow that appellant is entitled to a forfeiture. The record shows a course of conduct, both by Talbot and later by his administratrix, which may properly be deemed a waiver, in that they accepted payments of principal and interest without regard to the time factor. (See *Stevinson* v. *Joy*, 164 Cal. 279, 285 [128 P. 751], and *Boone* v. *Templeman*, 158 Cal. 290, 295-297 [110 P. 947], both involving installment contracts for the purchase of land.) The law looks with disfavor upon forfeitures, and evidence tending to show the waiver of a forfeiture will be favorably regarded, and the forfeiture will be avoided upon any reasonable showing. The amount of evidence required to establish a forfeiture is much greater than that required to establish a waiver, and the waiver may be implied from the acts and conduct of the parties. (*Knarston* v. *Manhattan L. Ins. Co.*, 124 Cal. 74, 77 [56 P. 773], involving life insurance contract.)"

■ And in *Powell* v. *Cannon*, 119 Cal.App.2d 748, 751-752 [260 P.2d 202], it is said:

" 'Where time is made of the essence of the contract for payment of money and this covenant has been waived by the acceptance of money after the same is due with knowledge of the facts, such conduct will be regarded as creating such a temporary suspension of the right of forfeiture as could only be restored by giving a definite and specific notice of intention to enforce it.' (*Chin Ott Wong* v. *Title Ins. & Trust Co.*, 89 Cal.App.2d 183, 188 [200 P.2d 541], and cases cited.)"

■ The allowance of attorneys' fees is a matter resting peculiarly within the discretion of the trial court. In 18 California Jurisprudence, Mortgages, section 741, page 513, it is said:

"Subject to the limitation that the amount may not exceed that named in the mortgage, the amount which will be allowed as attorney's fees on the foreclosure of a mortgage rests peculiarly in the discretion of the trial court, which is familiar with the nature and extent of the services per-

formed, and an appellate court will not interfere in the absence of an abuse of such discretion."

And in *San Francisco Bank* v. *National Radio Co.*, 95 Cal. App. 113, 116 [272 P. 331], the court held that the allowance of attorneys' fees within the limits fixed by the mortgage itself is peculiarly a matter resting in the discretion of the trial court and will not be disturbed upon appeal except for an abuse of that discretion.

In view of the facts shown by the record in the instant case we find no abuse of discretion in the refusal of the trial court to allow attorneys' fees.

Defendants' attempted appeal from the order denying a new trial is dismissed. (*Thomas* v. *Hunt Mfg. Corp.*, 42 Cal.2d 734, 736 [269 P.2d 12].)

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.